Before CHASE, Circuit Justice, and PETERS, District Judge.

CHASE, Circuit Justice. You may. explain, but you cannot alter, a written contract, by parol testimony. A case of explanation, implies uncertainty, ambiguity, and doubt, upon the face of the writing. But the proposition now, is a plain case of altera-tion: that is, an offer to prove by witnesses, that the assignor promised something, beyond the plain words and meaning of his written contract. Such evidence is inadmissible; and has been so adjudged by the supreme court in Clarke v. Russel, 3 Dall. [3 U. S.] 415. As to the authority of Moses v. Macferlan, 2 Burrows, 1005, it has always been suspected, and has lately been over-ruled, on the principle, that the previous decision, there brought into question, was pronounced by a competent court. I grant, that chancery will not confine itself to the strict rule, in cases of fraud, and of trust. But we are sitting as judges at common law; and I can perceive no reason to depart from it.

PETERS, District Judge. If we were sitting as judges in a state court, I should be inclined to admit the testimony, in order to attain the real justice of the cause; as there is no court of equity in Pennsylvania. But there is no such defect in the federal jurisdiction; and, therefore, when the party comes to the common law side of the court, he must be content with the strict common law rule of evidence.

---

## Case No. 10,469.

### OH CHOW et al. v. HALLETT.

### SHE AT et al. v. HALLETT.

#### [2 Sawy. 259;[1] 5 Chi. Leg. News, 109.]

Circuit Court, D. Oregon. Nov. 11, 1872.

WRITING—HOW PLEADED—DISTINCT STIPULA-TIONS—ALLEGATION NOT UNCERTAIN.

1. In actions at law a writing complained upon or pleaded must be set forth in the pleading according to its tenor or legal effect, and if it is merely referred to and annexed as an exhibit, it will be stricken out, on motion, as impertinent and irrelevant.

2. Where a contract contains various substantive and independent stipulations, and there is a breach of more than one of such stipulations, there arises distinct causes of action which should be pleaded separately.

[Cited in Toy William v. Hallett, Case No. 14,123.]

3. An allegation that the defendant failed to furnish transportation to laborers furnished the defendant by plaintiff to his damage so many dollars is not uncertain, but only nominal damage can be recovered under it.

[These were actions at law by Oh Chow and Gin Lee against J. L. Hallett, and She At and Wing Lock against same defendant, to recover balance of wages, and damages for breach of contract.]

Charles B. Bellinger, for plaintiffs.
Joseph N. Dolph, for defendants.

DEADY, District Judge. These actions were commenced October 14, 1872, and the motions to strike out were argued and submitted together on November 9. The first named one is brought to recover the balance

---

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

of $1.982 46, alleged to be due the plaintiff for laborers furnished the defendant to work upon the North Pacific Railway; and the sum of $365 33 damages for a failure on the part of the defendant to furnish transportation to take said laborers and their freight from said railway to the town of Roseburg. The second is brought to recover a balance of $654 26 and the sum of $142 damages, alleged to be due the plaintiffs and incurred in like manner.

In each case the contract sued upon, instead of being pleaded in the complaint according to its tenor or legal effect, is annexed thereto as an exhibit. In each complaint the allegation in regard to the failure to furnish transportation is numbered six, and commences: "And for a further breach of defendant's said contract plaintiff alleges that defendant failed," etc. No facts are stated except the failure aforesaid to show that the plaintiffs sustained damage by reason thereof.

The motions to strike out are aimed at these allegations as well as the ones making the contracts exhibits, and the contracts themselves. As to the allegations concerning the contracts, the motions must be allowed. In pleadings in actions at law, there are no such things as exhibits. If a party desires to complain upon or plead a writing he must state it in his complaint or plea according to its tenor or legal effect. Such has always been the ruling and practice in this court.

As to the allegations numbered six, they should have been pleaded not as "a further breach" of the contract, but as a separate and further cause of action. The practice of assigning more than one breach in the same count or statement of a cause of action, prior to the Code, was permitted only in covenant upon a deed and by statute in debt upon bond with a condition, or to secure covenants. When an ordinary contract contains various substantive and independent provisions—as in this case, to pay for labor furnished, and to furnish transportation to laborers—if there is a breach or failure to perform more than one of the stipulations, there are distinct causes of action, requiring different proofs, and which may admit of different defenses, and therefore should be stated separately. This cause of action not being pleaded separately is liable to be stricken out on motion. Code, Or. 163. But these allegations are not liable to be stricken out upon the ground assigned in the motion as being "immaterial and irrelevant." True, no special damage could be proven or recovered under them, because no facts showing such damage are stated in them, as that the plaintiffs by reason of such failure were compelled and did furnish such transportation and pay for the same so much. Still the allegations contain an averment of a breach of the respective contracts, for which, if found true, the plaintiffs would be entitled to recover nominal damages. So much of the motions is denied.