[No. 2,454.]

JAMES LICK v. JAMES RAY AND JAMES H. RAY.

ACTION TO REMOVE " CLOUD UPON TITLE "—CIRCUMSTANCES AUTHORIZING RELIEF.—Where Lick held a Sheriff's deed to certain property under a judgment and execution, in an attachment suit against James H. Ray, and James Ray held another Sheriff's deed to the same property, under another judgment and execution, against James H. Ray, the latter judgment and deed being earlier in date than the former, but not so early as the attachment lien in the former suit, and it appeared by averment that James Ray held his deed in trust for his father, James H. Ray, and it was conceded that Lick's was the superior title, but Ray claimed that his deed did not amount to a cloud: *held*, that the apparent title held by Ray under his deed was a cloud, and that Lick was entitled to relief in equity to remove it.

WHAT CONSTITUTES A " CLOUD UPON TITLE."—If a title against which
relief is prayed as a cloud be of such a character that, if asserted by action
and put in evidence, it would drive the other party to the production of his
own title in order to establish a defense, it constitutes a cloud, which the
latter has a right to call upon equity to remove.

WHAT IS NOT A " CLOUD UPON TITLE."—If a title be void on its face, if it
be a nullity, a mere *felo de se*, when produced, so that an action based
upon it would "fall of its own weight," it does not constitute a cloud; and
an action cannot be maintained to remove it as such, except upon a show-
ing of special circumstances entitling the party to relief.

APPEAL from the District Court of the Twelfth Judicial
District, City and County of San Francisco.

The trial of this cause in the Court below resulted in a
judgment in favor of, and as prayed by, plaintiff—to the
effect that the deed to James Ray was a cloud upon the
plaintiff's title; that it was null and void; that it should be
delivered up and canceled, and enjoining defendants from
asserting any right, title, or interest, under or through it, to
Santa Catalina Island.

The other facts are stated in the opinion.

The defendants appealed from the judgment.

*S. F. & L. Reynolds*, for Appellants.

To any action that might have been brought on the deed
held by Ray, Lick would have had a perfect legal defense
through the prior judgment of Hawkshurst. His proofs
would have been those in any ordinary action of ejectment,
a paramount legal title. He would prove the Hawkshurst
judgment, execution, sale under it, and the Sheriff's deed
to Hawkshurst, and then the deed to himself. That would
have placed the paramount legal title in him, and as com-
pletely displaced such title out of Ray, the purchaser, as
out of Ray, the judgment debtor and original owner, if the
action had been against him. That would have been a
complete answer and defense to Ray's action, and the result
would have been a judgment in favor of Lick.

An inspection of the two deeds, and the proceedings upon which they are based, show clearly that no cloud is upon, or danger to, the title of the plaintiff. A Court of equity will not entertain a bill to remove a cloud from the title to real estate, or for the cancellation of a written instrument, when it is apparent from an inspection of the deed or writing that no danger to·the title or interest of the plaintiff is to be apprehended. (*Cox* v. *Clift,* 2 Comst. 118.)

*Williams & Thornton,* and *C. H. Sawyer,* for Respondent.

The record here consists only of the judgment roll, and all presumptions and intendments of law are in favor of the decree. It will be presumed that there was sufficient evidence of all the averments of the complaint to justify the action of the Court below; and if no error appears in the judgment roll, the decree will be affirmed. (*Ritter* v. *Mason,* 11 Cal. 214; *People* v. *Quincy,* 8 Cal. 89; *Landers* v. *Bolton,* 26 Cal. 415; *Waldie* v. *Doll,* 29 Cal. 556.)

The deed to James Ray is a cloud on plaintiff's title, and the true test to ascertain the fact is this: would the owner of the property, in an action of ejectment founded on the deed, be required to offer evidence to defeat a recovery? (*Pixley* v. *Huggins,* 15 Cal. 132; *Fulton* v. *Hanlow,* 20 Cal. 484; *England* v. *Lewis,* 25 Cal. 357; *Warrener* v. *Smith,* 27 Cal. 652; ·*Arrington* v. *Liscom,* 34 Cal. 388; *Thompson* v. *Lynch,* 29 Cal. 190; *Peirsoll* v. *Elliott,* 6 Pet. 98; *Ward* v. *Chamberlain,* 2 Black, 444; 2 Story's Eq. Sec. 700.)

This is not an action to quiet title under section two hundred and fifty-four of the Practice Act. It is a bill in equity, seeking the cancellation of a deed fraudulent and void, but which casts a cloud on plaintiff's title. It is, therefore, not necessary either to aver or prove possession of the land. (*Hager* v. *Shindler,* 29 Cal. 57; *Thompson* v. *Lynch,* 29 Cal. 190.) Fraud is not a necessary ingredient in this form of action. It is sufficient if the deed sought to

be avoided is a cloud on plaintiff's title.   (*Stewart* v. *Thompson*, 32 Cal. 263.)

By the Court, WALLACE, J.:

This appeal is brought from a judgment by which it was determined that a deed made to the defendant James Ray by the Sheriff of the County of Los Angeles of an undivided three eighths of the island of Santa Catalina, formerly owned by the defendant James H. Ray, and sold by said Sheriff under a judgment rendered against the latter in favor of Benjamin Wood, was null and void as against Lick, who claims to have acquired the said three eighths interest of the defendant James H. Ray through another deed made by the Sheriff of said county, by which he conveyed said three eighths to Walter Hawkshurst upon a Sheriff's sale under a judgment which the latter obtained against the defendant James H. Ray.   It is conceded that the title to these three eighths is vested in Lick, but it is claimed that he cannot maintain this action to remove the cloud which, as he alleges, is cast upon his title by the existence of the Sheriff's deed to James Ray.   The case, it is to be observed, is not brought under the provisions of Section 254 of the code, nor is it averred that Lick was at the commencement of the action in possession of the island or of any part thereof either by himself or his tenant.

It appears that the defendant James Ray, who holds the Sheriff's deed, under the Wood sale, is the son of his codefendant James H. Ray, and the complaint sets out the fact that Hawkshurst brought an action against the defendant James H. Ray to recover the sum of money due to the former from the latter, and avers that in that action a writ of attachment was issued in the usual form against the property of the latter, and was levied upon his interest in the island, being the three eighths in controversy, so as to create a lien

thereon; and a judgment being subsequently rendered against the defendant James H. Ray in that action, an execution was duly issued thereon to the Sheriff of Los Angeles County, who afterwards sold the interest of Ray to Hawkshurst, and in due time executed and delivered to him a Sheriff's deed thereof, and Hawkshurst subsequently conveyed this interest to Lick, who is now the owner of it.

It further appears by the averments of the complaint that Benjamin Wood recovered another judgment against James H. Ray, under which an execution was issued to the said Sheriff, and that said interest of James H. Ray was sold to J. B. Crockett, who received a certificate of sale thereof, and subsequently and before the expiration of six months thereafter Crockett sold and assigned this certificate to the defendant James Ray for a sum of money paid in hand, and that the Sheriff subsequently executed a deed of conveyance upon said certificate, which deed ran to the defendant James Ray as assignee of the certificate. The complaint avers that the money which was the consideration of the assignment of the Sheriff's certificate to the defendant James Ray, was advanced by his father and codefendant James H. Ray, and that the defendant James Ray took and held the assignment of the certificate of sale in trust for his father, and subsequently received and now holds the Sheriff's deed thereon, also in trust for his father, and that the transaction should be held to amount to a mere redemption made by the defendant James H. Ray himself from the sale under the Wood judgment, and that therefore the Sheriff's deed running to James Ray should be set aside and avoided as being a cloud upon the title of Lick.

The evidence is not set forth in the record, nor is any point made here by the appellants, except the point that these facts do not enable Lick to maintain the action to cancel the Sheriff's deed to James Ray as a cloud upon his own title. Unquestionably, if the complaint be true, and it must be

considered to be so as the case is here presented to us, it is a fraud against Lick that the defendant, James H. Ray, whose title Lick has acquired, should, in the name of his son and codefendant, James, hold and keep on foot another title purporting to be derived through a Sheriff's deed upon an execution sale against himself, running in form to the latter as grantee; and upon well settled principles prevailing in Courts of equity, and which were asserted by this Court in the case of *Hager* v. *Schindler*, 29 Cal. 55, such an instrument ought not to be permitted to be retained by the defendants, since (conceding, as the appellants here do, that Lick has the title, both at law and in equity,) they can retain their own Sheriff's deed only for some sinister purpose.

Singularly enough, however, the defendants point to the admitted superiority of Lick's title in connection with the conceded worthlessness of their own as a reason why Lick should not obtain any relief in this action. They claim that their own title does not even amount to a cloud upon that of Lick, who, as they therefore claim, has no right to resort to this proceeding to remove it as a cloud.

While it is conceded that a party in the position of Lick has the right to maintain an action to remove a cloud from his own title without awaiting its active assertion by suit, it is contended that the Sheriff's deed to James Ray is not such an one as amounts to a cloud.

It is settled by a long line of decisions in this Court that if the title against which relief is prayed be of such a character as that, if asserted by action and put in evidence, it would drive the other party to the production of his own title in order to establish a defense, it constitutes a cloud which the latter has the right to call upon the Court to remove and dissipate. If, on the other hand, the title be void on its face; if it be a nullity—a mere *felo de se*, when produced, so that an action based upon it will "fall of its own weight," as has been said, then the title of the party

plaintiff is not necessarily clouded thereby, and he ought, if he would maintain an action to have it removed, show some special circumstances which entitle him, in the view of a Court of equity, to a decree for that purpose. Testing this case by these rules, it will be seen that in an action of ejectment brought upon the Sheriff's deed to James Ray to recover the possession of the three eighths of the island, the plaintiff in such an action would be able to make a prima facie case of great apparent strength. He could show, of course, that James H. Ray was the owner of the three eighths; that Wood regularly obtained a money judgment against him; that under that judgment his estate in the island had been sold by the Sheriff, and that after the expiration of the time allowed for a redemption a Sheriff's deed in due form had been delivered to the assignee of the Sheriff's certificate of sale. He could show a judgment of unquestionable validity, an execution duly issued thereon, and a Sheriff's deed duly delivered, and these are all that would be necessary to constitute a sufficient prima facie title in the grantee of the Sheriff. Lick, if in possession, must obviously, under such a state of facts proven, suffer a recovery, unless he should produce his own title in his defense. And taking that course, if he should even rest with the proof of the Hawkshurst judgment, execution, and Sheriff's deed thereunder, he would still fail in his defense, for his adversary would in that case have shown the elder Sheriff's deed, which would be prima facie the better title. Lick would be compelled to go further and show the facts (in which the superiority of his title really consists), that the lien (being an attachment lien in aid of the Hawkshurst judgment) under which he claimed was elder upon the premises, and, therefore, superior to the lien of the judgment under which his adversary derived his title, upon the

principle that a "prior lien gives a prior claim, which is entitled to a prior satisfaction out of the subject it binds, unless the lien be intrinsically defective, or be displaced by some act of the party holding it, which shall postpone him in a Court of law or equity to a subsequent claimant," and that "the single circumstance of not proceeding on it until a subsequent lien has been obtained and carried into execution has never been considered as such an act." '(*Rankin* v. *Scott*, 12 Wheat. 177.) It is evident that if Lick should succeed in the defense of such an action he could only do so by so establishing his own title as to overcome the very formidable case already made by his adversary.

We think that the apparent title held by James Ray to the three eighths of the island is not only a cloud upon the true title of Lick, but one of a remarkably formidable character, and which he is entitled to remove by the judgment of the Court.

Judgment affirmed.

Rʜᴏᴅᴇꜱ, J., dissenting:

This action cannot, in my opinion, be maintained. A Court of equity, as I understand the rule, will order a deed to be delivered up to be canceled, which was fraudulent or invalid at its execution—which, at its inception, had some inherent defect in its character which rendered it void or voidable; but a deed will not be ordered to be canceled which, at its execution, was valid and free from fraud, unless it be a mortgage, or some instrument that may be satisfied or defeated by payment, the performance of a condition, or the like. I, therefore, dissent from the opinion of Mr. Justice Wᴀʟʟᴀᴄᴇ, and from the judgment.

Mr. Justice Cʀᴏᴄᴋᴇᴛᴛ, being disqualified, did not participate in the foregoing decision.