[No. 9915. In Bank. — April 27, 1888.]

## J. A. BLASINGAME, Appellant, *v.* HOME INSURANCE COMPANY OF THE CITY OF NEW YORK et al., Respondents.

Insurance — Parties Severally Liable on Policy — Joinder of. — Two insurance companies severally liable on the same policy may be joined as defendants in an action to recover for a loss.

Id. — Complaint — Negativing Excepted Risks. — In an action on a policy of fire insurance, the complaint must aver the loss, and show that it occurred by reason of a peril insured against, but it need not aver the performance of conditions subsequent, nor negative prohibited acts, nor deny that the loss occurred from the excepted risks.

Id. — Allegation Contradicted by Exhibit — Demurrer. — An objection to a complaint that a specific allegation contained therein is contradicted by an exhibit to which reference is made cannot be taken advantage of by general demurrer.

Id. — Allegation of Damage. — The complaint in an action on a fire insurance policy, which alleges that the insured was the owner of the property at the time of the insurance and at the time of the fire, its value at those times, and also that it was totally destroyed by fire, sufficiently shows the damage sustained by the insured by reason of the fire.

Id. — Performance of Conditions Precedent. — Under section 457 of the Code of Civil Procedure, it is sufficient, in pleading the performance of conditions precedent required by the policy to be performed by the insurer, to allege that all the conditions of the policy have been duly performed by him.

Appeal from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion.

*P. D. Wigginton,* for Appellant.

*William Barber,* for Respondents.

Belcher, C. C. — This is an action upon a policy of insurance against fire, executed by the two companies named as defendants.

The defendants separately demurred to the complaint, upon the grounds, first, that there was a misjoinder of parties defendant, because no joint liability was shown;

and second, that the complaint did not state facts sufficient to constitute a cause of action. The court sustained the demurrers upon both grounds, holding that there was a misjoinder, and that the complaint did not state sufficient facts, because it failed to allege that the loss did not occur from any of the excepted causes specified in the policy. The plaintiff was given ten days to amend his complaint, but neglected to make any amendment, and thereupon judgment was entered dismissing the action.

It is now admitted by counsel for respondent that the objection of misjoinder cannot be maintained. This admission was made necessary by the provision of the code, to the effect that parties severally liable upon the same obligation or instrument may all or any of them be included in the same action, at the option of the plaintiff. (Code Civ. Proc., sec. 383; and see also *Bernero* v. *S. B. & N. I. Co.*, 65 Cal. 386.)

It is, however, insisted that the complaint was bad on general demurrer, for several reasons; and first, it is said that it was bad for the reason which the court below assigned in making its ruling. The ruling was rested upon the supposed authority of *Ferrer* v. *Home Mutual Insurance Company*, 47 Cal. 416. That was an action upon a policy of fire insurance, and one of the conditions specified in the policy was, that the company should not be liable " for loss caused by the falling of any building insured or containing property insured by this policy, or by fire ensuing therefrom." The complaint alleged that the property insured was totally destroyed by fire, and also alleged that the loss was not caused " by the falling of any building," but omitted the words " or by fire ensuing therefrom." The complaint was demurred to specially, upon the ground that it failed to state that the loss was not occasioned by one of the excepted causes specified in the policy.

The court, after stating that the allegation was substantially sufficient to meet the objection, added:—

"The averment on this point is, perhaps, not as explicit as accurate pleading would have required, but we think it is sufficient, and no good could result from reversing the case on so slight a defect in a pleading which could be amended on another trial."

We do not think that case decides the point presented here, and if it did, in our opinion it ought not to be followed.

In the policy declared on in this case, it is provided that the companies shall not be liable "for any loss or damage by fire caused by means of an invasion, insurrection, riot, civil commotion, or military or usurped power; nor for any loss in buildings unprovided with good and substantial stone or brick chimneys, the absence of which has been the cause of the fire; nor in consequence of any neglect or deviation from the laws or regulations of police, where such exist; nor for any loss caused by the explosion of gunpowder or any explosive substance."

In the complaint it is alleged that all of the property insured was totally destroyed by fire, but it is not alleged that the loss did not occur in any of the excepted ways, or from any of the excepted causes.

In our opinion, the complaint was sufficient in the respect referred to. Every complaint must contain a statement of the facts constituting the cause of action in ordinary and concise language, but it is not necessary to insert in it allegations for the purpose of meeting or cutting off a defense. Thus one seeking to recover on an insurance policy must aver the loss, and show that it occurred by reason of a peril insured against, but he need not aver the performance of conditions subsequent, nor negative prohibited acts, nor deny that the loss occurred from the excepted risks. (*Lounsbury* v. *Protection Ins. Co.*, 8 Conn. 466; 21 Am. Dec. 686; *Hunt* v. *Hudson*

*River Ins. Co.*, 2 Duer, 481; May on Insurance, p. 725, sec. 587; Estee's Pleadings, Pomeroy's ed., sec. 740, and cases cited.)

It is further claimed that the complaint states no cause of action in favor of the plaintiff, and for that reason the demurrer was properly sustained. This objection is rested upon the following ground: In the complaint it is alleged that the policy was issued to one A. J. Rhodes upon a certain building and certain personal property owned by him, and that at the time of its issuance and at the time of the fire the plaintiff held a mortgage, executed by Rhodes, upon all of the property insured, to secure the payment of about two thousand dollars, which sum of money was, at all the periods mentioned, wholly unpaid. It is also further alleged that in and by the policy, a copy of which is attached to and made a part of the complaint, the loss, if any, was made payable and is payable to the plaintiff. But looking at the attached copy, there is nothing to show that the loss was thereby made payable to the plaintiff.

It is therefore urged by counsel for respondent that the loss was in fact payable to Rhodes, and not to the plaintiff; that the plaintiff had consequently no interest in it or right to recover it; and that the averment that it was made payable to plaintiff is contradicted by the policy and should be disregarded.

In answer to this objection, it is said by counsel for appellant, in the reply brief, that the original policy did contain the words, "Loss, if any, payable in United States goin coin to J. A. Blasingame"; and in support of this assertion, a photographic copy of the policy is inserted in the brief, showing those words to be a part of it. It is further said that the words "to J. A. Blasingame" were omitted from the copy attached to the complaint by inadvertence or mistake, but that the omission was never referred to in the court below, or called to the

attention of appellant's counsel, until the point was made in the brief filed by respondent in this court.

There can be no doubt that if the policy was made payable in case of loss to the plaintiff, he could sue on it in his own name. (*Motley* v. *Manufacturers' Ins. Co.*, 29 Me. 337; 50 Am. Dec. 591; *Cone* v. *Niagara Ins. Co.*, 60 N. Y. 619; *Hadley* v. *N. H. Ins. Co.*, 55 N. H. 110.) But it was necessary for him to allege and prove that it was so made payable.·

Was the complaint sufficient in this respect when tested by a general demurrer?

In *Mendocino County* v. *Morris*, 32 Cal. 145, the same point was raised and decided against the views of respondent here. That was an action against the principal and his sureties on an official bond. It was alleged in the complaint that the bond was signed by all of the defendants, but a copy of the bond was attached to the complaint, and on that copy the name of the principal did not appear. A demurrer was interposed and overruled in the court below. Of this, Sawyer, J., delivering the opinion of this court said: "Upon the demurrer in the form adopted in this case, the direct averment of the execution of the bond in the body of the complaint must prevail, as against the omission of the signature in the copy. It may be that there is a want of correspondence between the averment in the body of the complaint and the copy annexed, but if so, the most that can be said is, that the complaint is ambiguous in this respect, and this objection was not specified as a ground of the demurrer under any head. The grounds of the demurrer relied on were all particularly specified, and this was not one of them. The objection is raised for the first time in this court. The demurrer is not general, that the complaint does not state facts sufficient to constitute a cause of action in certain particulars. There was a good averment of the execution of the bond in the body of the complaint, and no objection appears to have been

taken in the court below on the ground of want of correspondence between the bond set out and the averment, and we think the complaint good, at least after verdict. Had the objection been taken in the court below, the clerical omission of the signature of the principal in the copy, if it be one, might have been corrected." (See also *Frazier* v. *Barlow,* 63 Cal. 71.)

It follows from the rule announced in the foregoing cases that the point now raised by the respondent here cannot be taken advantage of under a general demurrer.

It is also claimed by the respondent that the complaint was insufficient because it did not allege that Rhodes sustained any damage by reason of the fire. But it did allege that Rhodes was the owner of the property insured at the time of the insurance and at the time of the fire, and its value at those times, and also that it was totally destroyed by the fire. These facts were fully stated, and from them the loss and damage must of necessity result. We think the complaint sufficient in this respect.

Finally, it is urged that the complaint was insufficient because it did not allege that notice of the loss, in writing, was forthwith given to the general agent of the companies at San Francisco, as required by the policy. The complaint alleged that the fire occurred on the 9th of December, 1882, and that "on or about the fifth day of February, 1883, due proof of said loss by fire was presented and furnished to each of said corporations by this plaintiff and the said Rhodes, and that all the conditions of said policy of insurance were duly performed and kept by this plaintiff and the said Rhodes."

We think this averment of the performance of the conditions precedent sufficient, under the provisions of section 457 of the Code of Civil Procedure.

It results that the judgment should be reversed and the cause remanded, with directions to the court below to overrule the demurrer.

FOOTE, C., and HAYNE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is reversed and cause remanded, with directions to the court below to overrule the demurrer.