## PENROSE v. PACIFIC MUT. LIFE INS. CO. OF CALIFORNIA.

### (Circuit Court, D. Montana. November 19, 1894.)

### No. 251.

**1.** PLEADING—EXHIBIT ANNEXED TO COMPLAINT.

Annexing to a complaint, as an exhibit, a copy of a contract sued upon, and referring to the same in the complaint, does not take the place of positive allegations of the terms of such contract, according to their legal effect or in haec verba.

**2.** SAME.

P. sued an insurance company upon a policy of insurance, alleging that said company had agreed to pay to plaintiff $5,000 in case of the death of her husband from "violent injuries," and that her said husband had died in consequence of "violent injuries." A copy of the policy was annexed to the complaint, as an exhibit, by which it appeared that the insurance was against "violent and accidental injuries." *Held*, that the exhibit could not be taken as adding allegations to the complaint, and since, excluding the exhibit, the complaint stated a complete cause of action, it was not demurrable.

This was an action by E. A. Penrose against the Pacific Mutual Life Insurance Company of California upon a policy of insurance. Defendant demurred to the complaint.

George Haldorn, for plaintiff.

Thos. C. Bach, for defendant.

KNOWLES, District Judge. This is an action on what is termed an "accident policy." The complaint contained this allegation:

"That, under the terms of said policy of insurance, defendant agreed that in case W. J. Penrose did, during the continuance of said policy, sustain such violent injuries, which alone should cause his death within ninety days from the time of the happening of such accident, then the said defendant should pay to the plaintiff, if surviving, the sum of five thousand dollars; that the said W. J. Penrose did during the continuance of said policy sustain such violent injury, which caused his death within ninety days from the happening thereof; and that defendant had due notice and proof thereof, as required by the terms of said policy."

Plaintiff made the policy of insurance an exhibit and part of the complaint.

In looking at the policy of insurance, I find therein, after stating the amount for which said W. J. Penrose was insured, this:

"The said sum to be paid to Mrs. E. A. Penrose, wife, if surviving (if dead, to the legal representatives of the insured), after due notice and satisfactory proof that the insured has, during the continuance of this policy, sustained such violent and accidental injuries as shall externally be visible upon his person, and which alone shall have caused his death within ninety days from the happening of such accident."

Defendant demurred to the complaint, for the reason that the same did not state facts sufficient to constitute a cause of action. If the policy was as stated in the allegations of the complaint, I do not see but it states a cause of action. The trouble is, not that it does not state a cause of action, but that plaintiff in her complaint has not stated the contract of insurance correctly. It is not the same contract set forth in the exhibit.

Whether or not the plaintiff should have stated that under the terms of the policy of insurance defendant agreed that in case W. J. Penrose did during the continuance of said policy sustain such violent and accidental injury, is a question that does not arise in such a demurrer as is presented in this case. It might arise on a plea of non est factum. Whether or not the plaintiff should have alleged that W. J. Penrose "did sustain such violent and accidental injury" as occasioned his death, might arise under the demurrer if plaintiff had set forth the contract in the alleging part of the bill. As a rule, an exhibit is not considered as an allegation of the facts it contains. Fitch v. Cornell, 1 Sawy. 156, Fed. Cas. No. 4,834; Oh Chow v. Hallett, 2 Sawy. 259, Fed. Cas. No. 10,469. Under what is termed "code pleading," the facts constituting the cause of action should be stated. A contract may be stated according to its legal effect or in haec verba. In setting forth a contract in haec verba, the language of the contract is used in stating the same in the pleading. This view of code pleading is supported by Pom. Rem. & Rem. Rights, § 526. In declaring upon a contract at common law, the setting forth the contract according to the legal effect, or in haec verba, was the rule of pleading. Then the allegations were that the parties entered into a contract, using the words thereof, if declared upon in haec verba. 1 Chit. Pl. 313, 314.

The rule in regard to the profert of a written instrument shows that the stating of a contract in haec verba was not considered as setting forth a copy of a contract. Oyer of a contract could still be demanded. Id. 378–446; Shipman, Com. Law Pl. 105. I do not think that in using the language that a contract should be stated according to its legal effect, or in haec verba, any different rule is sought to be established in this regard from what prevailed at common law. There are some decisions of the supreme court of California which seem to be to some extent in conflict with the views here expressed. Stoddard v. Treadwell, 26 Cal. 294; Murdock v. Brooks, 38 Cal. 596. A reference to an exhibit, however, to supply a deficiency in the allegations of a complaint, has been held by the same court not to be sufficient. City of Los Angeles v. Signoret, 50 Cal. 298. In the case of Blasingame v. Insurance Co., 75 Cal. 633, 17 Pac. 925, it was held that a variance between the allegations of a complaint and the facts appearing in a copy of a policy, attached to and made a part of the complaint, could not be raised by a general demurrer that the complaint did not state facts sufficient to constitute a cause of action. To the same effect is the case of Mendocino Co. v. Morris, 32 Cal. 145. Taking these cases altogether, and I think it is evident that it cannot be considered settled that the citing of an exhibit as part of a pleading can be considered as taking the place of the positive allegations of the terms of a contract in a complaint, according to their legal effect or in the very terms of the contract.

The allegation in the complaint is that defendant made and issued to said W. J. Penrose a certain policy of insurance, a copy of which is thereto annexed, marked "Exhibit A," and made a part of the complaint. Under this allegation there might be an issue joined

as to whether or not the exhibit was a copy of the contract sued on, if it was material. I think that the attaching of an exhibit to a complaint is proper enough, as taking the place of profert and oyer at common law. Excluding the exhibit from the complaint, and it would appear that the complaint stated a cause of action. The breach of the contract, as alleged, is sufficient. If the copy of the contract could take the place of the allegations as to the same, the breach assigned would not be sufficient, it is evident. For the reasons assigned, the demurrer is overruled.