[S. F. No. 3377.   Department One.—May 20, 1905.]

FRANK MASKEY, Appellant, v. JOHN LACKMANN, Sheriff, etc., A. C. WHYTE, and ADELE HESSER, Respondents.

RECOVERY OF MONEY PAID UNDER PROTEST—REDEMPTION FROM SHERIFF'S SALE—CLOUD UPON TITLE NOT SHOWN—INSUFFICIENT COMPLAINT. —A complaint in an action to recover money paid to the sheriff, under protest, to redeem land sold under execution against plaintiff's grantor, upon a judgment recovered subsequent to plaintiff's deed, which does not show that the sheriff's sale was a cloud upon his title, does not negative a voluntary payment, and fails to state a cause of action.

ID.—ATTACHMENT—RELEASE UPON UNDERTAKING—SHERIFF'S RETURN— PRESUMPTION NOT NEGATIVED—VOID SALE.—Where the apparent validity of the sheriff's sale against the plaintiff depended upon the continuance of an attachment levied prior to plaintiff's deed, and the complaint shows that the sheriff accepted an undertaking to release the attachment, and released it, it must be assumed, where the complaint does not allege the contrary, that the sheriff released

the attachment prior to the return of the writ, and that the return showed both the levy and release, and that the lien of the attachment was thereby extinguished, and that no evidence *aliunde* would be required to show that the sheriff's sale was void against the plaintiff, and casts no cloud upon his title.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. M. C. Sloss, Judge.

The facts are stated in the opinion of the court.

Olney & Olney, for Appellant.

Marcus Rosenthal, and George D. Squires, for Respondents.

SHAW, J.—A general demurrer to the complaint was sustained, judgment entered accordingly, and the plaintiff appeals.

The complaint attempts to state a cause of action against the defendant to recover the sum of $1,061.50, paid by the plaintiff to Lackmann as sheriff, under protest, to redeem certain real estate belonging to plaintiff from a sale thereof on an execution issued on a judgment in favor of A. C. Whyte against Hilley Rosencrantz, a former owner of the real estate, from whom, by mesne conveyances, the plaintiff obtained his title. The contentions of the plaintiff are that the sheriff's sale was a cloud on his title and valid on the face of the record, though invalid in fact, and that money paid to remove or prevent a cloud upon the title to land is paid upon compulsion and may be recovered by action.

We think the complaint does not show that the sheriff's sale was a cloud on the title. In considering this question, we are confined to the facts alleged in the complaint. We cannot consider facts not alleged, although both parties admit that they exist. And with respect to any official conduct of the sheriff in the proceedings, as to which the complaint is silent, we cannot, in aid of the plaintiff's case, supply facts not alleged, nor assume that the sheriff officially did otherwise than what the law would require him to do under the circumstances appearing.

Maskey acquired title under a conveyance by Rosencrantz, the judgment debtor, made before the judgment in Whyte *v.* Rosencrantz was rendered, but after an attachment issued in

the action had been duly levied on the land. The title under the sheriff's sale, as against the plaintiff, therefore, depended on the continuance of the lien of the attachment and its subsequent merger in the judgment. The action of Whyte *v.* Rosencrantz was begun on February 25, 1895, and the attachment was issued and levied on that day. On June 20, 1895, the sheriff accepted an undertaking for the release of the attachment, given in pursuance of section 540 of the Code of Civil Procedure, and released the attachment, and on June 21, 1895, in consideration of the undertaking, he officially executed a release, which was duly recorded in the office of the recorder. The complaint does not state that at the time this undertaking was accepted and the release executed, the sheriff had previously returned the attachment, nor that the writ was not then in his possession, nor that no summons was issued, nor that he did not receive the writ of attachment with the summons, nor that he did not make due and correct return to the writ. As to these things it is silent. Under section 559 of the Code of Civil Procedure he may have received the writ with the summons, and in that event he would be required by that section to return it with the summons, an event which could lawfully have been delayed until after the date of the release. This section also requires him to state in his return to the writ his proceedings thereon. It was decided in *Hesser* v. *Rowley,* 139 Cal. 410, that a sheriff has no authority to release an attachment after he has returned the writ. We cannot, to support the action, assume, in the absence of any averment, that the sheriff had returned the writ before he made the release, nor that his return showed the levy alone without the release. We must, on the contrary, assume that which, for all that appears in the complaint, may have been true,—namely, that he made the release before the return, and that his return showed all his proceedings, including the release, as well as the levy.

It follows from this that the record necessary to support the sheriff's sale would also show its invalidity. In order to show the levy of the writ, whereby the lien had attached to the real estate before its conveyance to the plaintiff's predecessor, who purchased before the judgment, it would be necessary for the person claiming under the sheriff's sale to put in evidence the return to the writ of attachment. We must

assume that this return recited the fact of the acceptance of the undertaking and the execution of the release of the levy. This would extinguish the lien and render the sale nugatory against a purchaser from the judgment debtor before judgment. In ejectment against Maskey by the purchaser at the sheriff's sale the action would be defeated upon the evidence of the proceedings upon which the sale was founded, and in such an action Maskey, as defendant, would be entitled to a nonsuit at the close of the evidence for the plaintiff therein. As owner he would not be required to offer any evidence to defeat a recovery. Under these circumstances the record of the sheriff's sale, or the deed thereunder if it had been executed, would constitute no cloud on the plaintiff's title. "If such proof would be necessary, the cloud would exist; if the proof would be unnecessary, no shade would be cast by the presence of the deed." (*Pixley* v. *Huggins,* 15 Cal. 134. To the same effect, see *Lick* v. *Ray,* 43 Cal. 88; *Bolton* v. *Gilleran,* 105 Cal. 244;[1] *Curtis* v. *Sutter,* 15 Cal. 264; *Fulton* v. *Hanlow,* 20 Cal. 485.)

It is conceded by the plaintiff that the payment to redeem was voluntary unless the sale would cast a cloud on the title, and that if it was a voluntary payment his action must fail. There can be no doubt that this is a correct principle. Having reached the conclusion that the complaint does not show that there was a cloud upon the plaintiff's title, it will be unnecessary for us to consider the question whether or not, if the contrary had been shown, the payment would be recoverable as a payment made under compulsion. The demurrer was properly sustained.

The judgment is affirmed.

Van Dyke, J., and Angellotti, J., concurred.

---

[1] 45 Am. St. Rep. 33.