[Civ. No. 645.   First Appellate District.—November 10, 1909.]

SAN FRANCISCO SULPHUR COMPANY, a Corporation, Respondent, v. AETNA INDEMNITY COMPANY, Appellant (Superior Court, No. 3619).

Action on Undertaking to Discharge Attachment—Form of Original Action—Variance Between Complaint and Exhibit—Waiver of Objection.—In an action on an undertaking to discharge an attachment, where there is a variance as to the form of the original action, between the allegations of the complaint, that the action

was against several persons who had been doing business under a common name, and that they were sued under such common name, as authorized by section 388 of the Code of Civil Procedure, and the recitals in a copy of the undertaking attached as an exhibit to the complaint which recited that the original action was against two persons named, described as copartners, doing business under a specified firm name and style, the allegations of the complaint must control in the absence of a specific objection to the variance in the trial court.

Id.—Rule of Pleading—Variance Between Complaint and Exhibit—General Demurrer—Absence of Special Demurrer.—An objection to a variance between an exhibit and the allegations of the complaint cannot be raised in this state by general demurrer; and in the absence of a special demurrer, the complaint must be held good.

Id.—Attachment Suit, Judgment, and Condition of Bond in Common Name—Effect of Recitals in Bond.—Where the complaint alleges that the action, attachment, and condition of the bond and judgment were all under the common name of "W. F. Clark & Bro.," the recitals in the title of the action in the bond, and other recitals in its body, may be evidence that the original action was against the individual members of a partnership doing business under that firm name, under section 414 of the Code of Civil Procedure, but cannot serve as allegations thereof.

Id.—Objection Raised for First Time upon Appeal—Oral Argument.—Where the objection to the variance between the exhibit and the allegations of the complaint was raised for the first time upon appeal, and then only in the oral argument, the allegations in the body of the complaint should be held to control the recitals in the exhibit.

Id.—Discharge of Attachment by Sheriff—Presumption—Order of Court not Required.—Where the complaint alleges that the sheriff accepted the undertaking and discharged the attachment, and the undertaking is in the form required by section 540 of the Code of Civil Procedure, it must be presumed that the sheriff acted according to law, and received the undertaking while the writ was in his possession and before it was returned, in which case no order of the court is required to obtain a release under sections 554 and 555 of the Code of Civil Procedure, which apply only after the writ has been returned.

Id.—Bankruptcy of Debtor—Attachment Within Four Months—Judgment—Action Against Surety on Bond Unaffected.—The lien of the discharged attachment having been lost by the undertaking accepted by the sheriff for the release, and the debt having been established by judgment, as required as a condition of action against the surety on such undertaking, such action is unaffected by the subsequent petition and adjudication in bankruptcy of the

debtor, within four months after the attachment, and prior to the judgment, notwithstanding the bankrupt law avoids all liens acquired by the debtor within that period.

ID.—ABSENCE OF LIEN OR ATTACHMENT—BANKRUPT LAW NOT INFRINGED. In such case, there was no attachment lien, nor any attachment in force upon which the bankruptcy proceedings could operate; and neither the letter nor the policy of the bankrupt law is infringed by holding the surety liable upon the undertaking to discharge the attachment.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.   George H. Buck, Judge presiding.

The facts are stated in the opinion of the court.

George F. Hatton, Hartley F. Peart, and Franklin P. Nutting, for Appellant.

William J. Herrin, for Respondent.

KERRIGAN, J.—This is an appeal from a judgment and from an order denying a motion for a new trial in an action on an undertaking given by the defendant to discharge an attachment in an action by the plaintiff against W. F. Clark & Bro. and the Seropian Bros. Company, a corporation.

The undertaking given was the one required by section 540 of the Code of Civil Procedure, and therein the defendants in the original action, as principals, and the defendant here as surety, jointly and severally undertook that the defendants there, W. F. Clark & Bro. and the Seropian Bros. Company, would pay whatever judgment the plaintiff might recover in that action, not exceeding a sum named.

In December, 1904, plaintiff recovered judgment against W. F. Clark & Bro. in that action, and payment thereof was demanded of them, which they refused, whereupon plaintiff brought this action against the surety, the defendant here.

In November, 1904, and within four months after the issuance of the attachment, W. F. Clark & Bro. filed a petition in bankruptcy, and upon that petition an adjudication in bankruptcy was made.

A copy of the undertaking is attached to and made a part of the complaint, and according to the title of the exhibit and a recital in the body thereof it would seem

that the original action was against W. F. Clark and E. C. Clark, copartners, doing business under the firm name and style of W. F. Clark & Bro., but from the allegations of the body of the complaint it appears that the action was against several persons who had been carrying on business under the common name of W. F. Clark & Bro., and that they were sued in the original action under such common name as authorized by section 388, Code of Civil Procedure.

Under the authorities in this state the variance between the exhibit and the allegations of the complaint cannot be raised by general demurrer. And as the point was not made by special demurrer, the complaint must be held good. (*Mendocino Co.* v. *Morris,* 32 Cal. 145; *Palmer* v. *Lavigne,* 104 Cal. 30, [37 Pac. 775]; *Blasingame* v. *Home Ins. Co.,* 75 Cal. 633, 636, [17 Pac. 925].)

So far as the Clarks are concerned, the complaint alleges that the attachment was against the property of W. F. Clark & Bro. in an action against W. F. Clark & Bro., and that the judgment was obtained in that action against W. F. Clark & Bro.; that the condition of the bond was that defendant herein would pay any judgment recovered in that action. The bond was executed as follows: "W. F. Clark & Bro." The title of the undertaking and the recital in the body thereof already referred to may be evidence, but they do not serve as allegations, that the original action was against the Clarks as individuals under section 414, Code of Civil Procedure. (*Lambert* v. *Hackell,* 80 Cal. 611, [22 Pac. 327].) In any event this point was not made in the trial court nor here until at the oral argument, and the case had gone to judgment, in view of which facts we think the allegations in the body of the complaint should be held to control. (*Mendocino Co.* v. *Morris,* 32 Cal. 145; *Blasingame* v. *Home Ins. Co.,* 75 Cal. 633, 636, [17 Pac. 925]; *Fudickar* v. *E. R. Irr. Dist.,* 109 Cal. 29, 36, [41 Pac. 1024]; *Burkett* v. *Griffith,* 90 Cal. 532, 541, [25 Am. St. Rep. 151, 27 Pac. 527]; *Seattle Cracker Co.* v. *Haley et al.,* 6 Wash. 302, [36 Am. St. Rep. 156, 33 Pac. 650]; *Penrose* v. *Pac. M. & L. Ins. Co.,* 66 Fed. 253; *Cushing* v. *Pires,* 124 Cal. 664, [57 Pac. 572].)

Defendant demurred specially on the ground that it could not be ascertained from the complaint that an order was made by the superior court to discharge the attachment or to fix the amount of the bond.

There are two methods prescribed by the Code of Civil Procedure for releasing property from attachment by giving an undertaking: (1) Under section 540 the sheriff may release property from attachment at any time prior to his return on the writ; (2) After the return, however, such a release must be by the court as provided in sections 554 and 555. Here it is alleged in the complaint that the sheriff accepted the undertaking and discharged the attachment, and we will assume that he thus acted according to law, and received the undertaking while the writ was in his possession and before it was returned. (*Hesser* v. *Rowley,* 139 Cal. 410, [73 Pac. 156]; *Maskey* v. *Lackman,* 146 Cal. 777, [81 Pac. 115]; *Preston* v. *Hood,* 64 Cal. 405, [1 Pac. 487].)

There is an affirmative defense set forth in the answer, and the parties admit that W. F. Clark & Bro. filed a petition in bankruptcy within four months after the levying of this attachment, and it is claimed by defendant that by reason of this petition and the adjudication of bankruptcy which followed, the attachment became void from its inception, and that therefore the bond given to release the attachment was without consideration, and null and void. This contention rests on section 67f of the bankruptcy act of 1898 [30 Stats. 565; U. S. Comp. Stats. 1901, p. 3450], which reads as follows: "That all levies, judgments, attachments, or other liens, obtained through legal proceedings, against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void, in case he is adjudged a bankrupt, and the property affected by the levy, attachment, judgment or other lien shall be deemed wholly discharged and released from the same." The obligation of the surety was to pay the debt when it should be established by a judgment. A judgment was recovered in that action by plaintiff, and we think the liability of the surety to pay it was unaffected by the subsequent proceedings in bankruptcy. It has been so held in this state and elsewhere. In *McCombs* v. *Allen et al.,* 82 N. Y. 115, upon the faith of an undertaking to pay the amount of any judgment which might be recovered, property held by virtue of an attachment was discharged, and it was there held to be no defense to an action against the sureties on the bond that the judgment debtor had filed a petition in bankruptcy within four months from the date of the attachment. The court

said: ''There was no attachment lien nor any attachment in force upon which such proceedings could operate, and this fact is conclusive against the defendants' claim so far as it rests upon the provisions of the bankrupt law.'' Continuing the court said: Whatever effect the provisions of the bankrupt law ''might have had upon the attachment, they cannot avail the defendant in this action when called upon to perform his promise. By reason of it the debtor's property was restored to him, and became subject, whether in his own hands or those of his assignee in bankruptcy, to the claims of creditors. Neither the letter nor the policy of the statute is infringed by holding defendants liable upon their undertaking.'' (See, also, *King* v. *Black Amusement Co.*, 126 App. Div. 48, [111 N. Y. Supp. 102]; *Eastin* v. *Ormsby*, 18 R. I. 309, [27 Atl. 216]; *Rosenthal* v. *Perkins*, 123 Cal. 240, [55 Pac. 804].)

In the last case it is said that if, at the time the proceeding in bankruptcy is instituted, there is no attachment in force on which the proceedings can operate, the attachment lien having already been discharged by a bond given, the liability of the sureties on the bond is not released or affected by the subsequent bankruptcy of their principal.

The judgment and order are affirmed.

Hall, J., and Cooper, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on December 9, 1909, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 6, 1910.