[Civ. No. 2111. First Appellate District.—January 25, 1918.]

## FRANK PANTER, Respondent, v. NATIONAL SURETY COMPANY (a Corporation), Appellant.

Action on Injunction Bond—Consideration—Admissions of Pleading.—In an action to recover damages upon a bond given to secure plaintiff against damages resulting from an injunction issued in a prior action against him, the failure of the defendant to deny the allegation of the complaint that the bond was such an undertaking was an admission that the bond was given in consideration of a pre-existing injunction, and the recital of the consideration in the bond, although it was attached to and made a part of the complaint, did not as a matter of pleading control and prevail over the specific allegations of the complaint as to what was the actual consideration for the bond.

Id.—Recitals of Exhibits Attached to Complaint.—In the absence of a special demurrer for uncertainty, direct and essential allegations in a complaint will not be modified, controlled, or defeated by the recitals of an instrument attached to the complaint.

Id.—Damages—Interest on Counsel Fees and Expenses in Injunction Suit.—In view of section 3287 of the Civil Code, in an action on a bond to secure plaintiff against damages resulting from an injunction issued in a prior action against him, interest on the amount allowed for counsel fees and expenses incidental and necessary to plaintiff's successful endeavor to secure the dissolution of the injunction are recoverable, since such items of expense are not uncertain or incapable of being made certain by calculation.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Metson, Drew & McKenzie, and R. G. Hudson, for Appellant.

Morrison, Dunne & Brobeck, and R. L. McWilliams, for Respondent.

LENNON, P. J.—This is an appeal from a judgment in favor of plaintiff in an action to recover damages upon a bond given by the defendant National Surety Company.

The facts of the case briefly stated are these: On December 21, 1910, a prior action was instituted in the superior court

of Mendocino County by one Jacobs against Frank Panter, the plaintiff here, and others, in which action on the said twenty-first day of December, 1910, the court issued an order of injunction, restraining the defendants there from the commission of certain acts and prohibiting the Crocker National Bank from paying or crediting to the account of Frank Panter, the plaintiff here, any moneys or stock then in its hands or thereafter to be received by virtue of a certain contract. Thereafter, on January 11, 1911, the defendant National Surety Company executed its undertaking in the sum of two thousand five hundred dollars, which purported to be obligated to protect the plaintiff here from any damages resulting to him by reason of the issuance of an injunction in that action. After the service of the injunction on the bank, Panter demanded of it payment to him of the sum of $35,544.57, the amount which it had in its possession credited to his account. In compliance with the writ the bank refused payment. The cause was transferred to the superior court of Shasta County and the injunction of December 21, 1910, was there dissolved on April 4, 1911.

In the present action upon the bond, judgment was rendered and entered for plaintiff Frank Panter in the sum of $1,576.05, being $750 paid to counsel for securing a dissolution of the injunction, $252.43 interest on that sum from date of its payment to January 27, 1916, at seven per cent, $36.20 expenses of Panter for two trips necessary and incidental to the securing of the dissolution of the writ, and $12.19 interest thereon, and the sum of $525.23 as the reasonable value of the use of the sum of $32,544.57 from January 12, 1911, to April 4, 1911.

The principal point presented upon this appeal is that the bond in suit was without consideration. This contention is based on recitals in the bond, which was attached to and made a part of the plaintiff's amended complaint. The recitals referred to are that, ''Whereas the above named plaintiff had commenced or is about to commence an action . . . against the above named defendants and is about to apply for an injunction in said action against said defendants . . . Now, therefore, the undersigned, National Surety Company, a corporation, . . . in consideration of the premises, and of the issuing of said injunction, does hereby undertake in the sum of $2500 and promise to the effect that in case

said injunction shall issue, the said plaintiff will pay to the said parties enjoined, such damages, not exceeding the sum of $2500 as such parties may sustain by reason of said injunction . . .''

The bond was approved and filed on the eleventh day of January, 1911, three weeks after the issuance of the injunction out of which the alleged damages arose. It is contended that the undertaking, having been given after the issuance of the writ, could not, in the face of the recitals above quoted, be considered as having been given in consideration of the issuance of the writ, and that inasmuch as the record does not show that any writ was subsequently issued, it must be held that the undertaking was executed without consideration.

This contention is answered by the pleadings in the case. The defendant neither denied nor attempted to deny the allegations of the plaintiff's amended complaint to the effect that the bond in suit was an undertaking executed by the corporation defendant to protect the plaintiff herein against the damages resulting from an injunction which had been issued in the prior action. The failure to deny that allegation was an admission that the bond in suit was given in consideration of a pre-existing injunction. And it is the rule that a fact admitted by the pleadings need not be further proved or found.

The recital of the consideration in the bond, even though the bond was attached to and made a part of the complaint, did not as a matter of pleading control and prevail over the specific allegations of the complaint as to what was the actual consideration for the bond. This is so because it is the rule that ''matters of substance must be alleged in direct terms and not by way of recital or reference, much less by exhibits merely attached to the pleading. Whatever is an essential element of a cause of action must be presented by a distinct averment and cannot be left to an inference to be drawn from the construction of a document attached to the complaint.'' (*Burkett* v. *Griffith,* 90 Cal. 532, [25 Am. St. Rep. 151, 13 L. R. A. 707, 27 Pac. 527]; *Mayor* v. *Signoret,* 50 Cal. 298; *Hibernia Sav. & Loan Soc.* v. *Thornton,* 117 Cal. 481, [49 Pac. 573]; *Ahlers* v. *Smiley,* 11 Cal. App. 343, [104 Pac. 997].),

The converse of this rule must be that, in the absence of a special demurrer for uncertainty, direct and essential allegations in a complaint will not be modified, controlled, or defeated by the recitals of an instrument attached to the complaint. (*Hibernia Sav. & Loan Soc.* v. *Thornton, supra; Blasingame* v. *Home Ins. Co.,* 75 Cal. 633, [17 Pac. 925] ; *San Francisco Sulphur Co.* v. *Aetna Indemnity Co.,* 11 Cal. App. 695, [106 Pac. 111].) No demurrer was interposed to the amended complaint in the present action.

It is contended that the judgment is erroneous in so far as it provides for interest on the allowances for counsel fees and expenses incidental and necessary to the plaintiff's successful endeavor to secure the dissolution of the writ of injunction. The sufficiency of the evidence to support the trial court's finding of plaintiff's expenditures in this behalf is not assailed, nor is it contended that the several items of expense referred to were not properly assessed as damages, nor that the amounts so found to have been expended by the plaintiff were uncertain or incapable of being made certain by calculation. It is the rule that "every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor, from paying the debt." (Civ. Code, sec. 3287.)

The judgment appealed from is affirmed.

Beasly, J., *pro tem.,* and Kerrigan, J., concurred.

THE COURT.—The foregoing affirmance of the judgment after a consideration of the case upon its merits disposes of the necessity of discussing and deciding the motion to dismiss the appeal.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 25, 1918.