[Civ. No. 12270. Second Appellate District, Division One.— March 24, 1941.]

BIRCH RANCH & OIL COMPANY (a Corporation), Appellant, v. ROY CAMPBELL, Respondent.

Vallee, Beilenson & Kenny, Paul Vallee and George Edward Acret for Appellant.

Syril S. Tipton for Respondent.

DORAN, J.—The plaintiff, in an action for damages for a wrongful levy upon and sale of real property, appeals from a judgment dismissing the action after a general demurrer to the second amended complaint was sustained without leave to amend further.

The complaint in question contains the following allegations, the truth of which must be presumed on this appeal from a judgment after demurrer: That plaintiff is a California corporation possessing large assets and extensive business activities, chief of which are ranching on a large scale and drilling for and production of oil; that during all times material to the action plaintiff was the owner of certain described real property; that on or about April 1, 1938, and ever since, plaintiff has been greatly in need of additional finances for use in its operations, and at said time it became necessary for plaintiff to sell the said real property and also to obtain a substantial loan; that on or about April 14, 1938, the defendant, who had obtained a judgment against A. Otis Birch and wife, caused the sheriff of Los Angeles County to make a levy of execution upon all right, title and interest of said A. Otis Birch and wife in the said real property, knowing that said Birch and wife had no interest in the property and knowing plaintiff's needs above mentioned and the necessity for plaintiff to sell the property. The complaint further alleges that plaintiff on May 2, 1938, without knowledge of the said levy of execution, entered into an agreement to sell the said real property, the terms of which agreement provided that plaintiff would deliver satisfactory title to the purchaser within a reasonable time and would deliver a certificate of title thereon, and the transaction was accordingly placed in escrow. It is then alleged that plaintiff first learned of the said levy of execution on June 10, 1938, through receipt of a notice of sale by the sheriff of the real property under execution; that defendant caused the sheriff to hold the sale on July 5, 1938, notwithstanding the demand of plaintiff's attorney at the sale to cease and desist, and that at the said sale the property was sold to the defendant, who caused the sheriff to issue a certificate of sale based upon the said purported sheriff's sale, and who then recorded the said certificate in Los Angeles County; that thereafter the title company completed the title search on the said property and informed plaintiff that the escrow was ready to be closed and that satisfactory title to the said property was ready to be delivered pursuant to the terms of the escrow, except for the said levy, sale and certificate of sale; and the title company informed plaintiff that because of the said levy and sale it would not deliver a certificate of title, which refusal was

pursuant to the usual custom in such instances. It is then alleged that the escrow not having been closed by the 30th day of July, 1938, the purchaser was then threatening to withdraw from the escrow and sue plaintiff for damages, whereupon the plaintiff served the defendant herein with a written notice and demand to release the property in question and deliver a quitclaim deed thereto on or before August 2, 1938; that defendant informed plaintiff he would release the property only on payment of the sum of $2,525, the amount for which he obtained the property on the sheriff's sale; that being in immediate danger of losing its purchaser and the sale of the property, and in order to save itself from an action for substantial damages threatened to be brought by the said purchaser and from the loss of the proceeds of the sale, "and in order to save itself from great loss under the circumstances of oppression and duress aforesaid arising out of the existence of said levy of execution and sheriff's sale", the plaintiff consented to pay the defendant the sum of $2,525, and on payment thereof defendant released the said real property. Plaintiff then alleges injury to its credit to the extent of $25,000, as a result of the wrongful levy and sale, and charges that the defendant's acts were done maliciously and oppressively and without probable cause and asks for punitive damages. Plaintiff prays for recovery of general and special damages consisting of the sum of $2,525 paid for the release of the property and $25,000 for injury to plaintiff's credit, together with punitive damages in the sum of $25,000. The complaint also contains a second cause of action for recovery of $2,525 for money had and received.

To this second amended complaint a general and special demurrer was interposed and the general demurrer was sustained. Demurrers had previously been sustained both to plaintiff's original and first amended complaints. Plaintiff was denied leave to amend further, though it submitted a proposed third amended complaint, which, however, added nothing to plaintiff's cause of action.

It should be noted that the complaint states facts from which it might readily be inferred that any damage to plaintiff's credit and any exigency created was due as much to plaintiff's conduct as to that of defendant. With an escrow pending for the sale of the property, plaintiff allowed some fifty days to elapse before it took any positive or effective

steps toward clearing up the condition caused by the wrongful levy and sale. When plaintiff first learned of the levy early in June it could have immediately commenced an action under section 738 of the Code of Civil Procedure for the purpose of determining the adverse claim. Plaintiff failed to take any legal steps at all to clear up the matter and not until the end of July or the first of August, when it was threatened with a suit by the purchaser because of failure to complete the escrow, did plaintiff make a definite effort to clear the property. By that time immediate release was necessary and plaintiff was forced to settle with defendant by a compromise. It does not appear that plaintiff would have been placed in such an uncomfortable position had it not been for its own failure to act promptly. Certainly failure to protect itself from any effects of the wrongful levy and sale would in itself tend to injure plaintiff's credit and standing as a corporation.

■ In any event, the complaint fails to set forth a cause of action in the first count. The levy and sale complained of were made under an execution issued in an action to which plaintiff was not a party and therefore failed to cast a cloud upon plaintiff's title to its real property. (*Miller* v. *Price*, 103 Cal. App. 650, 653 [284 Pac. 1035], citing *Russ & Sons Co.* v. *Crichton*, 117 Cal. 695 [49 Pac. 1043].) Money paid to redeem real property sold under execution, where such sale did not cast a cloud upon the title, must be held to have been paid voluntarily and may not be subsequently recovered in an action therefor. (*Maskey* v. *Lackmann*, 146 Cal. 777 [81 Pac. 115].) Hence plaintiff may not recover the sum of $2,525 thus paid. ■ The alleged injury to plaintiff's credit is speculative and too remote as a basis for either general or special damages, though it would be a proper element for consideration in assessing exemplary damages. (See the annotation at 54 A. L. R. 451–454.) ■ However, plaintiff has shown no actual damages, and exemplary damages, being mere incidents and not the basis of a cause of action, are not recoverable in the absence of a showing of actual damages. (*Clark* v. *McClurg*, 215 Cal. 279, 282 [9 Pac. (2d) 505, 81 A. L. R. 908].) (See annotation, 81 A. L. R. 913 et seq., and sec. 3294 of the Civ. Code.) It follows that plaintiff has shown no basis for the recovery of damages upon its first count.

■ As to the second or common count, plaintiff concedes in its brief that the sum there sought to be recovered is the same as that set forth in the first count. This fact having been admitted, the propriety of sustaining a general demurrer to that count presents a moot question.

■ The proposed third amended complaint merely adds attorney's fees as an element of damage in connection with procuring the release of the property from the wrongful levy and sale. Since it is seen above that plaintiff had no cause of action for the money paid voluntarily to obtain the release of the property, the services of an attorney retained to make the voluntary payment likewise furnish no basis for action, though the fees of an attorney in a proper legal action to determine or otherwise dispose of the adverse claim would undoubtedly be recoverable.

The general demurrer to plaintiff's second amended complaint was properly sustained without leave to amend, and the judgment is affirmed.

York, P. J., and White, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 22, 1941.