**Mark E. ROSENSTOCK, Jr., Plaintiff,**

v.

**Max FINK, Defendant.**

**No. 72 Civ. 2294.**

United States District Court,
S. D. New York.

Dec. 1, 1972.

11. See Plaintiff's brief p. 12 and Defendant's brief p. 44.

Loecher, Solomon & Zukerman, New York City, for plaintiff.

Kurtz & Vassallo by John A. Vassallo, New York City, for defendant.

MEMORANDUM

BRIEANT, District Judge.

By personal service in this State, on April 6, 1972, of a summons in the Supreme Court of the State of New York, Westchester County, plaintiff, a resident of this District, sued defendant, a citizen of California, for damages in the amount of $250,000.00 arising out of an alleged breach by defendant, a California attorney, of the professional duty of confidentiality.

The action was removed to this Court by defendant on or about May 26, 1972 on grounds of diversity of citizenship (28 U.S.C. § 1441).

Briefly, plaintiff claims that an attorney-client relationship existed in 1968 between himself and defendant, through which defendant learned of the cancellation of a contract which plaintiff had for the shipment (sic) of 5,000 Oldsmobile automobiles. Whether such information was in fact confidential, or whether it was also known to others, does not appear.

Subsequently, we are told by the complaint, the defendant undertook to represent plaintiff's then wife, Dale Rosenstock, in matrimonial litigation in the courts of California and elsewhere. We are not told whether plaintiff made a prompt protest of this apparent conflict of interest.

Thereafter, it is alleged that defendant, while acting as Dale Rosenstock's attorney, in the course of a California state court hearing, made false and fraudulent representations to the state court in respect of the 5,000 Oldsmobiles, and revealed a letter to third parties pertaining to such sale, and did so as part of an effort to exaggerate plaintiff's financial resources.

The action is not yet at issue. The complaint does not tell us how the claimed damages in the sum of one-quarter million dollars are computed. Indeed, it is hard to see how the plaintiff can show a good faith claim for more than $10,000.00 in damages. Presumably he was well able to show the California court that the Oldsmobile shipment, or sale, if that is what it was, had been cancelled without profit to him, if that in fact happened. Presumably too, the California court had full control over its officer and could have disqualified defendant from appearing before it adversely to his former client, or could have disciplined him, or both.

It is a fanciful assumption that the California court could not perceive the underlying truth with respect to the Oldsmobiles, or that this plaintiff could not readily prove, by document, the exact status of the transaction, to the satisfaction of that court. More so is the suggestion that defendant's conduct, however unethical it may be, was the proximate cause of any actual financial damage to plaintiff.

While plaintiff also claims exemplary, or punitive damages, such damages may not be recovered under California law in the absence of actual or compensatory damages. Such damages are regulated by § 3294 of the Civil Code of California which reads as follows:

"§ 3294. Exemplary damages; when allowable

In an action for the breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud, or malice, express or implied, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant."

That statute has been interpreted as follows:

" 'The foundation for the recovery of punitive or exemplary damages rests upon the fact that *substantial* damages have been sustained and punitive damages are not given as a matter of right, nor can they be made

a basis of recovery independent of a showing which would entitle the plaintiff to an award of *actual* damages.' " Mother Cobb's Chicken Turnovers v. Fox, 10 Cal.2d 203, 73 P.2d 1185 (1937).

To the same effect are Contractor's Safety Assn. v. California Compensation Ins. Co., 48 Cal.2d 71, 307 P.2d 626 (Sup.Ct. en banc 1957); Clark v. McClurg, 215 Cal. 279, 9 P.2d 505 (1932); Lamb v. Harbaugh, 105 Cal. 680, 39 P. 56 (1895); Birch Ranch & Oil Co. v. Campbell, 43 Cal.App.2d 624, 111 P.2d 445 (1941); Lundquist v. M.E.B.A. No. 97 Inc., 208 Cal.App.2d 390, 25 Cal.Rptr. 250 (1962).

Possibly this case should be remanded to the New York State Court for want of jurisdiction, and this will be done on the Court's own motion if it shall appear hereafter that the claim is not a good faith demand for more than $10,000.00, and improvidently removed. 28 U.S.C. § 1447(c).

Against this factual and procedural background, defendant now moves to transfer the cause to the United States District Court, Central District of California, pursuant to 28 U.S.C. § 1404, on grounds of *forum non conveniens*.

Venue in this District is conceded to be proper. Plaintiff resides here. The New York State Supreme Court, in an action to which this defendant was not a party, has made a finding that plaintiff was a New York resident on February 20, 1970, and continuously for a period of two years beginning in July, 1967. Defendant was personally served in this District while he was present in connection with his business. Even now, it is uncontradicted that defendant is doing business here. He is appearing as associate counsel in two other civil actions pending before another Judge of this Court, and is therefore likely to be present in person, and frequently, in this District.

 At this stage of the proceedings, and while this Court still retains the power to remand to New York State

Court an action which may well have been removed improvidently, it would appear inappropriate to grant the motion to transfer. There is no present showing that essential evidence available in California will not be available here, by use of depositions, written interrogatories or certified California court records.

Plaintiff's choice of venue is under the circumstances entitled to great weight. No factual showing sufficiently persuasive is made to require a change of venue at this time. Defendant is present here.

Accordingly, the motion is denied, without prejudice, however, to a renewal thereof, when pleading and pre-trial discovery are complete and the cause is ready for trial, if it shall appear at that time that the interests of justice or the convenience of specified witnesses require such transfer.

Settle order on five (5) days notice.