HERKIMER S. McCOMBS, Respondent, *v.* DARIUS ALLEN et al., Appellants.

In an action upon an undertaking, given to discharge an attachment, conditioned to pay any judgment recovered by the attachment creditor, it appeared that the attachment debtor, within four months after the issuing of the attachment, filed his petition and was thereupon adjudicated a bankrupt and made an assignment; he then applied to the bankruptcy court to stay proceedings in the action in which the attachment was

issued; this was denied, and judgment was recovered. *Held*, that the proceedings in bankruptcy was no defense, as there was at the time no attachment lien or attachment in force upon which the proceeding could operate; and that neither the letter nor the policy of the bankrupt act was infringed by holding the defendants liable.

(Argued June 17, 1880; decided September 21, 1880.)

Appeal from judgment of the General Term of the Supreme Court, in the third judicial department, affirming a judgment in favor of defendants, entered upon a decision of the court on trial without a jury. (Reported below, 18 Hun, 190.)

This action was brought upon an undertaking executed by defendants to discharge an attachment issued in an action brought by Solomon Stein and another against Dearborn B. McCrillis.

The undertaking was in the form prescribed by the Code of Civil Procedure (§ 668), conditioned that the attachment debtor would pay on demand the amount of any judgment recovered against him in said action, not exceeding a sum specified. Judgment was recovered in the action and payment thereof demanded of McCrillis, who refused to pay. The judgment was thereafter assigned to plaintiff. Within four months after the attachment was issued McCrillis filed his petition in bankruptcy, and thereupon was adjudicated a bankrupt and an assignee appointed, to whom the estate of the bankrupt was assigned. McCrillis made applications twice to the bankruptcy court to stay the proceedings in said action, which were denied.

*E. F. Bullard* for appellants. The proceedings in bankruptcy and the assignment absolutely dissolved the attachment. (*Miller* v. *Bowles*, 58 N. Y. 253 ; *Duffield* v. *Horton*, 6 Weekly Dig. 277 ; *West Phila. Bk.* v. *Dickson*, 5 Otto, 180 ; 5 Daly, 301 ; *Risley* v. *Brown*, 67 N. Y. 160, 162 ; *Morgan* v. *Campbell*, 22 Wall. 381.) The attachment having been dissolved by operation of law, plaintiff could not recover against the principal debtor or his sureties. (*Stewart* v. *Brahall*, 6 Weekly Dig. 507 ; *Maas* v. *O'Brien*, id. 560 ; *Loring* v. *Eager*, 3 Cush. 188, 190 ; *Tappan* v. *Van Wagenan*, 465.) The giving of the

undertaking was no waiver of the defendants' right to move to vacate it. (*Carbutt* v. *Hanff*, 15 Abb. 189 ; 23 Ohio, 358 ; 14 La. 82 ; 21 id. 349 ; *U. S.* v. *Price*, 9 How. [U. S.] 85 ; 49 N. Y. 385 ; 5 Otto, 182.)

*John B. Green* for respondent. Defendants were not released from liability on their bond by the proceedings of the bankruptcy court. (*Zoller* v. *Fanvrin*, 49 N. H. 114 ; *Coleman* v. *Bean*, 3 Keyes, 94 ; *Bildersee* v. *Aden*, 12 Abb. Pr. [N. S.] 324 ; *Carpenter* v. *Turrell*, 100 Mass. 450, 452, 453 ; *Holyoke* v. *Adams*, 1 Hun, 223–225 ; *Wolf* v. *Stix*, U. S. Sup. Ct., 19 Alb. L. J. 280 ; *Parks* v. *Sheldon*, 36 Conn. 466.) To discharge the appellants from their liability upon this undertaking by the proceedings in bankruptcy, they should have been invoked to prevent the happening of the contingency upon which their liability depended in the action against their principal. (*Cutler* v. *Evans*, 115 Mass. 27 ; *Bates* v. *Tappan*, 99 Mass. 376 ; *Carpenter* v. *Turrell*, 100 Mass. 450 ; *Hamilton* v. *Bryant*, 114 id. 543 ; *Braley* v. *Boomer*, 116 id. 527–9 ; *Cornell* v. *Dakin*, 38 N. Y. 253 ; *Holyoke* v. *Adams*, 59 id. 233.)

Danforth, J. This case seems a clear one for the respondent. The allegations in the complaint were not put in issue by the answer, and upon the trial were taken to be true. Thus a cause of action resting upon express contract was established, and the only questions before the court were upon the new matter set up by the defendants. It was insufficient. Their undertaking was to pay on demand the amount of any judgment which might be recovered in an action then pending against one McCrillis, not exceeding a sum named. Upon the faith of this promise an attachment and the lien thereby acquired, and then held upon certain property by the plaintiff's assignor was discharged. There was therefore a good and valuable consideration for the defendants' undertaking. Judgment was recovered, a demand made for its payment, and default therein. It is not a good answer to such a charge that the judgment debtor was at any time subsequently declared a bankrupt, and an assignment made. There was then no attachment lien, nor any attach-

ment in force upon which such proceedings could operate, and this fact is conclusive against the defendants' claim so far as it rests upon the provisions of the bankrupt law. The appellants have no concern with any question which might otherwise arise under it, for their undertaking was voluntary, not the result of coercion, and by their intervention the plaintiff was deprived of security which it must be assumed as against them would have produced the money for the recovery of which the action was brought. The defendants' contention is "that the attachment was dissolved by operation of law, and that the plaintiff could not recover against McCrillis, the principal debtor." The law thus referred to is, I suppose, the bankrupt law, and if so, there is error in the statement for the reason above given, and as to the latter branch of the proposition it is inconsistent with the concession in the pleadings, and finding of the court thereon that judgment was in fact recovered against the debtor, and more than this, it appears that the bankruptcy court, though twice applied to, refused to interfere with the proceedings in the original action, and it went on to judgment. Whatever effect the provisions of section 5044, R. S. of U. S., might have had upon the attachment, they cannot avail the defendants in this action, when called upon to perform their promise. By reason of it the debtor's property was restored to him and became subject, whether in his own hands or those of his assignee in bankruptcy, to the claims of creditors. Neither the letter nor the policy of that statute is infringed by holding defendants liable upon their undertaking. ( *Wolf* v. *Stix*, 9 Otto, 1; *Cutter* v. *Evans*, 115 Mass. 27; *Braley* v. *Boomer*, 116 id. 527; *Holyoke* v. *Adams*, 59 N. Y. 233.)

It is also urged as error in the trial court that it refused to find in accordance with certain requests made by the defendants' counsel. The court found contrary thereto, and there was evidence to warrant the finding.

The judgment should be affirmed, with costs.

All concur, except Finch, J., absent at argument.

Judgment affirmed.