(69 App. Div. 90.)

HARDT et al. v. SCHUYLKILL PLUSH & SILK CO. (O'DONNELL, Intervener).

(Supreme Court, Appellate Division, First Department. February 7, 1902.)

1. BANKRUPTCY — ATTACHMENT — INSOLVENCY — VACATION OF ATTACHMENT — PRACTICE.

Under Bankr. Law, § 67, subd. "f," providing that all levies, attachments, and other liens obtained through legal proceedings against an insolvent within four months prior to the filing of a petition in bankruptcy against him shall be void, it is proper practice for the trustee to apply to the state court issuing an attachment void under the statute for an order of court discharging it.

2. SAME—EVIDENCE.

Where the affidavit of a trustee in bankruptcy in support of a motion to discharge an attachment on property of the bankrupt on the ground that it was obtained while the bankrupt was insolvent, and within four months prior to the filing of the petition, so as to be void under Bankr. Law, § 67, subd. "f," alleged that at the time of the issue of the attachment the bankrupt was insolvent, and there was no counter showing, there was sufficient evidence of the bankrupt's insolvency at the time the attachment issued to justify an order discharging the same.

3. SAME—LACHES.

Laches of a trustee in bankruptcy in failing to move for a dissolution of an attachment issued upon the bankrupt's property during his insolvency, and within four months prior to the filing of the petition, and hence void under Bankr. Law, § 67, subd. "f," will not validate such attachment.

Appeal from special term, New York county.

Action by Englebert Hardt and others against the Schuylkill Plush & Silk Company. From an order vacating an attachment upon the motion of Thomas L. O'Donnell, as trustee in bankruptcy of defendant, plaintiffs appeal. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

E. Blumenstiel, for appellants.
Roger Lewis, for respondent.

INGRAHAM, J. The plaintiffs commenced an action against the defendant to recover damages for a breach of a contract, and obtained an attachment against the property of the defendant as a foreign corporation, and the sheriff of the city and county of New York, under such attachment, levied upon the property of the defendant. This attachment was obtained on the 15th of March, 1901, and a levy seems to have been made under it on the same day. The respondent, as the trustee in bankruptcy of the defendant, moved to vacate this attachment upon his affidavit, which alleged that a petition was filed on the 29th day of March, 1901, by certain creditors of the defendant, in the district court of the United States for the Eastern district of Pennsylvania, praying that the defendant be adjudicated a bankrupt, and that subsequently, and on the 17th day of July, 1901, the defendant was duly declared a bankrupt under the act of congress relating to bankruptcy; that subsequently the respondent was duly elected trustee of the said bankrupt estate, and qualified as such; that "at the time of the issue of said attachment and the levy thereof the defendant was insolvent, the aggregate of its property, exclusive of any property which it may have conveyed, transferred, concealed, or removed, or permitted to be concealed or removed, with intent to defraud, hinder, or delay its creditors, was not, at a fair valuation, sufficient in amount to pay its debts." It is provided by subdivision "f" of section 67 of the bankruptcy law that "all levies, judgments, attachment or other liens, obtained through legal proceedings against a person who is insolvent at any time within four months prior to the filing of the petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, attachment or other lien shall be deemed wholly discharged and released from the same and shall pass to the trustee as a part of the estate of the bankrupt." Although, by the express provision of the statute, the attachment is to be deemed null and void, and the property affected by the attachment deemed wholly discharged and released from the same, we agree with the court below that it was the proper practice to apply to the court for an order formally discharging the attachment and releasing the goods of the bankrupt from the levy. Certainly, the sheriff could not be required to assume the responsibility of releasing a levy valid but for the adjudication of bankruptcy. It is the duty of the court, upon these facts being called to its attention, to vacate the attachment and remove the lien, so that the trustee in

bankruptcy can take the proper proceedings to recover the property of the bankrupt's estate.

The substantial question presented is whether, upon these papers, there is sufficient proof that the bankrupt was insolvent at the time the attachment was granted. The attachment was granted on the 15th day of March, and the petition to have the defendant adjudicated a bankrupt was filed on the 29th day of March, 14 days thereafter. There is no allegation as to the ground upon which it is sought to have the defendant adjudicated a bankrupt, but the trustee in bankruptcy alleges that at the time of the issue of such attachment and the levy thereof the defendant was insolvent. This was a positive allegation, under oath, by the trustee appointed to administer the estate in bankruptcy, and there is nothing to show that he did not have knowledge of the bankrupt's condition at the time the attachment was obtained. There is no evidence in opposition to this allegation, and under the circumstances there was sufficient proof to justify the court below in finding that this attachment was within those affected by the provision of the bankrupt law to which attention has been called. I know of no laches on the part of the trustee that would make this attachment valid, which is made void by the provision of the bankrupt act. I think, therefore, the order appealed from should be affirmed, with $10 costs and disbursements. All concur.