(41 Misc. Rep. 242.)

COMMERCIAL WOOD & CEMENT CO. v. NORTHAMPTON PORTLAND CEMENT CO.

(Supreme Court, Special Term, New York County. July, 1903.)

1. FOREIGN CORPORATION—DOING BUSINESS IN THE STATE.
    A foreign corporation is not doing business within the state, within Laws 1892, p. 1805, c. 687, § 15, requiring it in such instance to obtain a certificate from the Secretary of State, by making a contract within the state, no sales being made or other business done there.

2. ATTACHMENT—AFFIDAVIT.
    In an affidavit on which to found an application for an attachment, where the damages are unliquidated plaintiff must set out the facts which he claimed to prove his damage, in order that the court may judge as to the sufficiency of such evidence; and an affidavit by a stranger to the transaction, unless the means by which his knowledge of the facts was obtained are set forth, is insufficient.

Action by the Commercial Wood & Cement Company against the Northampton Portland Cement Company. Motion to vacate an attachment granted.

Stayton & Campbell (John J. Delany, of counsel), for the motion.
Kellogg & Rose (L. Laflin Kellogg, of counsel), opposed.

GIEGERICH, J. The action is brought to recover the sum of $120,000, alleged to be profits which the plaintiff would have realized under a contract made with the defendant to act, for a period of five years from June 27, 1901, as its sole selling agent for its entire output of cement manufactured at its present factory at Stockerton, Pa., or at any other place the defendant might establish mills. The plaintiff was to have for such services 6 per cent. on all sales of cement, whether made by it or by others. It is further alleged that the defendant has refused to perform this contract, and to honor the orders of the plain-

¶ 1. See Corporations, vol. 12, Cent. Dig. §§ 2520, 2526.

tiff, or to permit the plaintiff to sell any of its output.   The affidavit on which the attachment was issued is made by the plaintiff's president, and states "that the defendant is a foreign corporation, duly organized and incorporated under the laws of the state of Delaware, as deponent knows from personal transactions had with said defendant and from an inspection of the certificate of incorporation of the said company, a certified copy of said certificate of incorporation being in possession of deponent."   It is further stated in the affidavit "that deponent is familiar with the yearly capacity for manufacture of cement of the plant owned by the defendant at Stockerton, Pennsylvania, and the average yearly sale of the cement so manufactured, and knows that the entire output of such cement by the defendant equals at least 1,200 barrels per day, or 438,000 barrels per annum, or 2,190,000 barrels during the five years during which the contract between the plaintiff and the defendant was to have run; that the proportions of the output of cement by the defendant are eighty per cent. in cotton bags, or 1,752,000 barrels, and twenty per cent. in wooden barrels, or 438,000 barrels; that the lowest market price of the cement in cotton bags is $1.10 per barrel, or a total of $1,927,200; that the lowest price for the cement in wooden barrels is $1.35 per barrel, or $591,300; and the total value of the output of cement by the defendant during the five years that the contract between the plaintiff and the defendant was to have run would be $2,518,500; that the commission of the plaintiff at six per cent. on said sum would amount to $151,110.   That the average yearly expense incurred by the plaintiff in selling said cement would not exceed the sum of $6,500, which for five years would amount to $32,500, leaving the total net profit to the plaintiff on account of commissions on the sale of the output of cement of the defendant's works at Stockerton, Pennsylvania, for five years, of $118,610."

The first point made in support of the motion is that there is no proof in the moving papers that the plaintiff, which is alleged in the complaint to be a foreign corporation, has filed the certificate required by section 15, c. 687, p. 1805, Laws 1892, authorizing it to do business in the state of New York.   This objection would be valid under the decision made in this department in Sawyer Lumber Co. v. Bussell, 84 Hun, 114, 31 N. Y. Supp. 1107, where the express point was ruled upon; but in the present case the objection does not lie, for the reason that it does not appear that the plaintiff is doing business in this state. It is alleged that the contract sued upon was made here, but not that the sales were to be made here, or that the plaintiff is conducting any business here.   Merely making the contract is not doing business within the meaning of the statute.   In Vaughn Machine Co. v. Lighthouse, 64 App. Div. 138, 142, 71 N. Y. Supp. 799, 801, it was said:

"The crucial test in doing business within the meaning of this statute is not an isolated transaction within the state, or the transshipment of goods from the home office pursuant to orders taken by drummers within the state, but it is the establishment of an agency or branch office within our state limits."

The objection that the evidence of damage set forth in the affidavit is not sufficient is, however, a good one, and fatal to the attachment.

The deponent does not show how he became familiar with the output of the Stockerton factory. He says he is familiar, but, on the principle enunciated in Hoormann v. Climax Cycle Co., 9 App. Div. 579, 41 N. Y. Supp. 710, to make a statement on personal knowledge is not enough, where one is apparently a stranger to the transaction, without showing the means by which this personal knowledge was obtained, or at least that the affiant was in a position to know. See, also, Tucker v. Goodsell Co., 14 App. Div. 89, 43 N. Y. Supp. 460; Lehmaier v. Buchner, 14 App. Div. 263, 43 N. Y. Supp. 438; Wallace v. Baring, 21 App. Div. 477, 48 N. Y. Supp. 692; Martin v. Aluminum Plate Co., 44 App. Div. 412, 60 N. Y. Supp. 1010. So, in this case, the deponent is, so far as appears, a stranger to the business affairs of the defendant, and therefore, when he makes statements, especially of the broad and general kind he does, he should show how he comes to have such knowledge, in order to satisfy the court that he is not in reality testifying on information and belief. The objection that the deponent's statements as to the elements of damage are apparently conclusions, rather than facts, while closely connected with the objection that he does not show how he obtained personal information, is still a distinct one, and has a broader application. He says that the plaintiff's expenses would average $6,500 per year. Here we may assume that the affiant has personal knowledge, as he is speaking of the business of his own corporation; but surely, in a case of this kind, he should go further, and give some details showing how this sum is arrived at, so that the court may determine whether it is a correct conclusion or an exaggerated one. So, too, with respect to the output of the defendant's factory, the deponent says it is "at least 1,200" barrels per day. Here are two indications either of lack of accurate information or of a conclusion: (1) the use of the words "at least," and (2) of a round number like 1,200. All the facts in the knowledge of the affiant should have been set forth, in order that the court might exercise its judgment as to whether 1,200 barrels per day was a safe minimum to fix as an average. Another indication that the knowledge of the affiant is not accurate and precise is found in the method by which the totals are reached. This method is obviously by a computation, as follows: 1,200 barrels per day for 365 days gives 438,000 barrels per year, or 2,190,000 barrels for five years, the exact number stated by the affiant. Now, the actual totals of the product of a factory are not reached by any average daily product. The total is what it is, and the average is obtained by a computation based upon such total. The same inaccuracy and loose method of approximation are apparent in the statement of the respective percentages as being 80 per cent. in bags and 20 per cent. in barrels. The language used in Haskell v. Osborn, 33 App. Div. 127, 129, 53 N. Y. Supp. 361, 362, fits this case:

"We think, also, that the proof of damage is entirely insufficient. There are no facts set up in the affidavits upon which the attachment was granted from which the court can judge what amount, if any, of damages have been sustained by the plaintiff. In an action upon contract for the payment of a sum certain it appears from the contract itself what the damages will be. In an action, however, for unliquidated damages, it depends upon the facts of the case as to whether the plaintiff has sustained merely nominal or real

damages. A cause of action may be completely set forth where only nominal damages can be recovered, and therefore, in an affidavit upon which to found an application for an attachment where the damages are unliquidated, it is necessary for the plaintiff to set out the facts which he claims to prove his damages, in order that the court may judge as to whether he has evidence of damages, and that his allegations of damage are not mere matter of speculation."

And again, in Delafield v. Armsby Co., 62 App. Div. 262, 264, 71 N. Y. Supp. 14, 15, it was said:

"But where the damages are unliquidated it is necessary for the plaintiff in his affidavit to set out the evidence which he claims proves his damages in order that the court may judge as to whether he has evidence of damage, and that his allegation of damage is not mere matter of speculation."

The motion must, therefore, be granted, with $10 costs.

Motion granted, with $10 costs.