(126 App. Div. 48.)

KING v. WILL J. BLOCK AMUSEMENT CO.

(Supreme Court, Appellate Division, First Department. May 15, 1908.)

BANKRUPTCY—ATTACHMENTS—VACATION—ADJUDICATION OF BANKRUPTCY.

Bankr. Act July 1, 1898, c. 541, § 67, sudb. "f," 30 Stat. 565 (U. S. Comp. St. 1901, p. 3450), provides that attachments against an insolvent within four months of the filing of a petition in bankruptcy shall be void, etc. A warrant of attachment was issued on account of the nonresidence of defendant, who was adjudged a bankrupt within four months thereafter. He gave an undertaking pursuant to Code Civ. Proc. 688, obtained an order discharging the attachment, and received back the property attached. The surety did not receive any property as collateral. *Held*, that defendant was not entitled to a vacation of the warrant of attachment.

Appeal from Special Term.

Action by Alice Fischer Harcourt-King against the Will J. Block Amusement Company. From an order vacating a warrant of attachment, plaintiff appeals. Reversed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Paul N. Turner, for appellant.
. David Gerber, for respondent.

LAUGHLIN, J.   The order recites that the motion was granted solely upon the ground that defendant has been adjudicated a bankrupt and discharged in bankruptcy, and on account of its insolvency.   The action is to recover damages for breach of a contract, and the warrant of attachment was issued on account of the nonresidence of the defendant.   The warrant of attachment was issued on the 5th day of April, 1907, and under it the sheriff levied on two theatrical produc- ·tions, and took possession of the scenery and of the box-office receipts. On obtaining the warrant, plaintiff gave the usual undertaking with sureties to pay damages and costs if the warrant of attachment should be vacated or defendant should recover judgment.   On the 9th day of April, 1907, the defendant, pursuant to the provisions of section 688 of the Code of Civil Procedure, gave an undertaking with the American Surety Company of New York, as surety, for the full amount demanded in the warrant of attachment, and obtained an order discharging the attachment "as to the whole of defendant's property." The condition of this undertaking is that defendant will pay on demand the amount of·any judgment recovered against it in the action, not exceeding the sum of $8,400 and interest from the 5th day of April, 1907.   The defendant then received back the property attached, and continued to use the same in its business until the 22d day of July thereafter, when it was duly· adjudged a bankrupt on an involuntary petition in bankruptcy filed on the 1st day of July, 1907. The surety company neither received nor now holds any property of the defendant as collateral to its undertaking.   Counsel for respondent relies upon subdivision "f" of section 67 of the bankruptcy act (Bankr. Act, July, 1, 1898, c. 541, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3450]), which provides as follows:

"That all levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt and the property affected by the levy, judgment, attachment, or other lien shall be deemed wholly discharged and released from the same, and shall pass to the trustee as part of the estate of the bankrupt, unless the court shall, on due notice, order that the right under such levy, judgment, attachment, or other lien, shall be preserved for the benefit of the estate; and thereupon the same may pass to and shall be preserved by the trustee for the benefit of the estate as aforesaid."

Counsel for appellant contends that the effect of these provisions is merely to discharge the lien of the attachment, and not to vacate the writ.   He concedes that, so far as the bankrupt is concerned, the cause of action has been discharged, but he urges that his client should be permitted to proceed to judgment against the bankrupt with a perpetual stay against the enforcement of the judgment against the bankrupt, which would protect the latter in all the rights guaranteed by the bankruptcy act, and at the same time would enable the plaintiff to enforce the liability of the surety on the undertaking.   Authority for that course is found in many cases where the warrant of attachment

was procured more than four months prior to the filing of the petition
in bankruptcy. Hill v. Harding, 130 U. S. 699, 9 Sup. Ct. 725, 32 L.
Ed. 1083; Holyoke v. Adams, 59 N. Y. 233; Metcalf v. Barker, 187
U. S. 165, 23 Sup. Ct. 67, 47 L. Ed. 122. See, also, Hillyer v. Le Roy,
179 N. Y. 369, 72 N. E. 237, 103 Am. St. Rep. 919; Pickert v. Eaton,
81 App. Div. 423, 81 N. Y. Supp. 50. In all of these cases it is to be
borne in mind that, unless the rights of the plaintiff to continue the
action to judgment were preserved, he would lose the lien duly acquir-
ed by the attachment or the benefit of the security of the undertaking
which took its place. The effect of the contention of the learned
counsel for appellant would be to place his client in a better position
by having obtained the undertaking than if the levy had stood upon
the property, for it is clear, that under the provisions of the federal
statute herein quoted, if no undertaking had been given to discharge
the levy, the levy would be discharged by the decree in bankruptcy,
and the trustee in bankruptcy would be entitled to the property. In
that event, the plaintiff's only right would have been to share with oth-
er general creditors in his proportion of the proceeds derived from the
sale of the property. It is conceded that, if the surety had taken se-
curity, it would be the duty of the court, under subdivision "f" of
section 67 of the bankruptcy act, to vacate the warrant of attachment
as a condition of requiring the surety to deliver over to the trustee in
bankruptcy the property pledged. It is argued in behalf of respondent
that, since the attachment was issued within four months of filing the
petition in bankruptcy, and the lien thereof, if the undertaking had not
been given, would have been discharged by the bankruptcy of the de-
fendant, the plaintiff has not been prejudiced by the giving of the
undertaking, and a construction should not be placed upon the act
which would give the plaintiff the advantage of holding the surety on
the undertaking when he could not have held the property under the
attachment, and that the proper construction of these provisions of the
bankruptcy act is that, where the lien is acquired by virtue of a judg-
ment or warrant of attachment recovered or issued within four months
of filing the petition in bankruptcy, both the lien and the instrument
under which it was acquired should be deemed null and void.

This is the view taken by Collier in his work on Bankruptcy, Col-
lier on Bankruptcy (5th Ed.) 199, 200. Brandenburg says, in effect,
that in such case the surety never can become liable because the entry
of judgment against the principal which is the contingency upon which
the liability of the surety depends is forbidden (Brandenburg on Bank-
ruptcy, § 415), and the United States Circuit Court of Appeals, Fifth
Circuit, so held in effect in Klipstein & Co. v. Allen-Miles Co., 136
Fed. 385, 69 C. C. A. 229. Our Court of Appeals, however, held
under the bankruptcy act of 1867, which, although different in terms
on this point, is not sufficiently different in substance to warrant us in
distinguishing and not following the authority, that a warrant of at-
tachment which had been issued within four months of filing the peti-
tion in bankruptcy and had been discharged by a similar undertaking,
but not vacated, was unaffected, at least as to the surety, by the sub-
sequent adjudication in bankruptcy and discharge of the bankrupt, and
that, where the action was prosecuted to judgment, the liability of the

surety became thereby fixed. McCombs v. Allen, 82 N. Y. 114. In the case at bar this court, following Holyoke v. Adams, supra, recently held that this defendant should not be permitted to amend its answer by setting up its discharge in bankruptcy which would prevent plaintiff obtaining judgment upon which the disability of the surety might be enforced. 124 App. Div. ——, 109 N. Y. Supp. 1151 (April 24, 1908). It would seem to follow that the defendant was not entitled to have the warrant of attachment vacated. We are not concerned with the question as to the remedy of the surety over against the estate in bankruptcy or against the bankrupt personally in the event that it shall be obliged to pay any judgment that may be recovered herein (see Hill v. Harding, supra, and Klipstein & Co. v. Allen-Miles Co., supra), and no opinion is expressed on those points.

It follows that the order should be reversed, with $10 costs and disbursements, and the motion to vacate the attachment denied, with $10 costs. All concur.