ports to that effect. But it further appeared that he had been told by at least one of the persons that she died in June or July, 1899, about three years before the second marriage, and according to that information his wife was alive up till about June or July, 1899. And so it is argued that he must have known at the time of his second marriage that she was alive within the five-year period. That may do as a matter of argument; but the difficulty is that the trial judge held as a matter of law, and so charged the jury, that the defendant could not take advantage of the exception with reference to absence because he knew that his wife was living within that time.

[1] I think it cannot be held as a matter of law that the defendant knew that his wife was alive within the five-year period. The persons who gave the information to the defendant of the death of his wife and the time when she died simply reported what they had heard. These reports did not conclusively prove that the defendant knew that his wife was alive before the time of her reported death, any more than they established the fact that he knew that she died in June or July, 1899, although sufficient to show that he may have believed that she was alive within the five-year period. But that does not put his case beyond the five-year exception. For if his wife was absent for five years immediately preceding his second marriage, without his knowing that she was alive within that period of time, and he believed at the time of the second marriage that she was dead, he is within the exception. Hearing that she was dead accentuated the presumption of her death arising from her five years' absence, and fortifies his claim that he believed her to be dead at the time of his second marriage.

[2] While I think the information which he had, in connection with the other circumstances, was sufficient to make that a question of fact for the jury, as well as whether he believed at the time of his second marriage that the wife of his first marriage was dead, I think it should not be held as a matter of law that he had such knowledge as to place him outside the five-year absence exception.

I think the judgment and order must be reversed, and a new trial ordered. All concur, except McLENNAN, P. J., who dissents.

---

FRUSHER v. VACUUM DYEING MACH. CO.

(Supreme Court, Appellate Division, First Department. December 1, 1911.)

1. APPEAL AND ERROR (§ 635*)—RECORD—ATTACHMENT.
    Right to be heard on an appeal from a motion refusing to vacate an attachment is not defeated because the warrant of attachment is not made a part of the papers on appeal, if the attack is confined to the sufficiency of the papers upon which the warrant was granted.
    [Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 635.*]

2. ATTACHMENT (§ 107*)—AFFIDAVIT—SUFFICIENCY—STATEMENT OF AMOUNT DUE.
    An affidavit for attachment is insufficient, where it fails to state facts from which the court can determine the amount due; and a statement

by one suing under a contract for commissions, depending as to amount upon the kind of machines sold, claiming a lump sum due for selling a specified number of machines, without showing the kinds of machines sold, is bad.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 285–289; Dec. Dig. § 107.*]

Appeal from Special Term, New York County.

Action by Tom Frusher against the Vacuum Dyeing Machine Company. From an order refusing to vacate an attachment, defendant appeals. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

Charles Trosk, for appellant.

George R. Bristor, for respondent.

MILLER, J. **[1, 2]** The warrant of attachment is not a part of the papers on appeal; but, as the attack is confined solely to the sufficiency of the papers upon which it was granted, we do not deem the omission fatal to the appellant's right to be heard. The plaintiff was employed by the defendant as selling agent for certain vacuum dyeing machines, manufactured by the defendant, under an agreement pursuant to which he was to receive $150 commission for each large machine sold for $1,475, and $100 commission for each small machine sold for $950. In his affidavit to obtain the warrant of attachment, he states that he sold, and the defendant was paid for, 68 machines, upon which he "was duly entitled as commissions under said contract to the sum of $10,150"; that he became entitled under the contract to the further sum of $332.37 for expenses, making a total of $10,482.37, and that there was paid to him "upon said amount, only the sum of $8,100." It is impossible for the court to determine, unless the plaintiff's conclusion be accepted, that he is entitled to anything in excess of the sum already paid him. The failure to state the number of large and the number of small machines sold was doubtless an oversight; but it was a fatal omission, as facts must be stated from which the court can judicially determine the amount due, and the conclusions of the party moving for the attachment cannot be accepted as proof.

The order must be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.