(78 Misc. Rep. 497.)

C. TENNANT SONS & CO. v. NEW JERSEY OIL & MEAL CO.

(City Court of New York, Special Term.   December, 1912.)

1. BANKRUPTCY (§ 156*)—TRUSTEE—ATTACHMENT—MOTION TO VACATE.
    A defendant's trustee in bankruptcy is entitled to move in the state court for vacation of an attachment on the bankrupt's property.
    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 240–246; Dec. Dig. § 156.*]

2. ATTACHMENT (§ 102*)—AFFIDAVIT—UNLIQUIDATED DAMAGES.
    Where complaint for breach of contract alleged that plaintiff was damaged generally in a specified sum, and an attachment affidavit alleged that deponent's information as to the damages alleged in the complaint consisted of market quotations for the merchandise referred to in the contract and knowledge of purchases and sales of such goods during the time covered by the complaint, the damages being unliquidated, the allegations were insufficient as showing the damages to sustain the attachment.
    [Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 263–272; Dec. Dig. § 102.*]

3. BANKRUPTCY (§ 195*)—ATTACHMENT—VACATION—INDEMNIFIED SURETY.
    Where an attachment was discharged by an undertaking of a surety company which had received indemnifying securities from defendant, and within four months defendant was adjudicated a bankrupt, the attachment will be vacated on motion of the bankrupt's trustee.
    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 296–305; Dec. Dig. § 195.*]

Action by C. Tennant Sons & Co. against the New Jersey Oil & Meal Company.   On motion by defendant's trustee in bankruptcy to vacate a warrant of attachment.   Granted.

Fletcher, McCutchen & Brown, of New York City, for plaintiff.

Hyman & Campbell, of New York City, for defendant's trustee in bankruptcy.

GREEN, J.   [1] This is a motion made by a trustee in bankruptcy of defendant to vacate a warrant of attachment which was discharged by giving an undertaking executed by a surety company to discharge the same.   The defendant moves to vacate upon the ground that the papers are insufficient upon their face to sustain the warrant, in that they fail to show facts to justify the court in arriving at the conclusion that any damage was sustained (the action being for breach of contract and the damages unliquidated), and that under Bankruptcy Act July 1, 1898, c. 541, § 67, 30 Stat. 564 (U. S. Comp. St. 1901, p. 3449), the lien was obtained within four months of the adjudication in bankruptcy.   The trustee has the right to make this motion.   Hardt v. Schuylkill Plush & Silk Co., 69 App. Div. 90, 74 App. Div. 549.

[2] As to the averments of damage, the complaint alleges generally that the plaintiff has been damaged by reason of defendant's failure to perform its agreement in the sum of $953.60.   The affidavit supplements this allegation by the statement:

"The sources of deponent's information as to the damages alleged in said complaint are the market quotations for the merchandise referred to in said

contract set forth in the complaint herein, and knowledge of purchases and sales of such goods during the times set forth in the complaint.".

It is evident by a mere statement of these averments that no one could possibly determine the amount of damage sustained, and the conclusion in the complaint is not to be accepted as the evidentiary facts required as to the damage. The authorities are clear upon this point. See Frusher v. Vacuum Dyeing Machine Co., 148 App. Div. 68, 131 N. Y. Supp. 994; Commercial Wood & Cement Co. v. Northampton Portland Cement Co., 41 Misc. Rep. 242, 84 N. Y. Supp. 38.

[3] Upon the other question involved I am of the opinion that the case of King v. Block Amusement Co., 126 App. Div. 48, 111 N. Y. Supp. 102, disposes of the matter. It is true in this case the Court of Appeals answered two questions certified (see King v. Block Amusement Co., 193 N. Y. 608, 86 N. E. 1126) in the negative, and held that, where an attachment was discharged by giving an undertaking, the court was not required on motion of the defendant to vacate the attachment upon the subsequent adjudication of the defendant as a bankrupt within four months of the granting of the attachment, and the court further held that the adjudication in bankruptcy did not avoid such an undertaking given under the circumstances recited. In the case just cited the surety on the undertaking took *no* security. *In the case at bar the surety company did take security from the defendant* fully sufficient to indemnify it from loss, and that security unquestionably is out of the estate of the bankrupt. In the case of King v. Block Amusement Co., 126 App. Div. 51, 111 N. Y. Supp. 104, the court said:

"It is conceded that, if the surety had taken security, it would be the duty of the court under subdivision "f" of section 67 of the Bankruptcy Act to vacate the warrant of attachment as a condition of requiring the surety to deliver over to the trustee in bankruptcy the property pledged."

And I believe it is the duty of this court to follow the intimation therein given, concurred in by all the justices of the Appellate Division, as to the proper disposition of this case. It may be true that such expression was obiter in the case cited, but the high source from which it emanates is sufficient authority for its acceptance in the case at bar. In view of these facts, the motion of the defendant is granted and the attachment is vacated. The order should be settled on notice, and, in view of the question involved, if counsel for plaintiff desires a stay of proceedings pending appeal, I will hear him on the settlement of the order.

Ordered accordingly.