BORDERLAND COAL SALES CO. *v.* WAYNE CIRCUIT JUDGE.

GARNISHMENT—INSOLVENCY OF PRINCIPAL DEFENDANT QUESTION FOR
JURY—AFFIDAVITS—MANDAMUS.

Mandamus will issue to vacate an order of the circuit
judge dismissing a writ of garnishment on affidavits alleg-
ing the insolvency of the principal defendant; plaintiff
having a right to a jury trial upon the question of whether
or not the principal defendant was insolvent at the date
of the acquisition of the lien (3 Comp. Laws 1915, §
13149).

Mandamus by the Borderland Coal Sales Company
to compel Willis B. Perkins, acting circuit judge of
Wayne county, to vacate an order dismissing garnish-
ment proceedings. Submitted April 15, 1924. (Cal-
endar No. 31,257.) Writ granted July 24, 1924.

*Stevenson, Carpenter, Butzel & Backus* (*Rockwell T.
Gust,* of counsel), for plaintiff.

*Warren, Cady, Hill & Hamblen* (*Charles C. An-
drews,* of counsel), for defendant.

MOORE, J. The plaintiff in this proceeding sued the
Williamson Pond Creek Coal Sales Company in the
circuit court for the county of Wayne, in November,
1922. At the same time a writ of garnishment was
issued. The garnishee defendant filed its disclosure
admitting an indebtedness in the sum of $61,000.
The principal case is still pending. Approximately
three months after the commencement of the suit and
the service of the writ of garnishment a petition in
bankruptcy was filed against the principal defendant
and an adjudication of bankruptcy followed. After-
wards the trustee in bankruptcy intervened in the

cause.   The trustee moved to dismiss the writ of garnishment, alleging that the lien was acquired within four months of the filing of the petition in bankruptcy and alleging that at the time such lien was obtained the principal defendant was insolvent.   Affidavits were attached to the motion alleging the insolvency of the principal defendant at the time of the service of the writ of garnishment.   Plaintiff objected to the granting of any relief under the motion for the reason that it is entitled to a jury trial upon the question of whether or not the principal defendant in the action was insolvent at the date of the acquisition of the lien and that this question could not be raised by a motion to dismiss, but must be tried under an issue to be framed.   Defendant overruled the objections filed by the plaintiff, and entered an order dismissing the writ of garnishment and directing the payment of the $61,000 in the hands of the garnishee defendant to the trustee in bankruptcy.   This proceeding is to have that order set aside, and to determine whether the issue may be tried out on affidavits.

The question to be determined is whether or not the garnishee plaintiff is entitled to a trial in open court upon the question of the solvency of the principal defendant at the time of the acquisition of the lien. The attorneys for the defendant insist that the action of the trial judge is justified by the cases of *Hardt* v. *Schuylkill Plush & Silk Co.*, 69 App. Div. 90 (74 N. Y. Supp. 549), and *C. Tennant Sons & Co.* v. *New Jersey Oil & Meal Co.*, 139 N. Y. Supp. 1023.   A reference to those cases will show they were attachment cases, and not cases in garnishment, and they do not show that any claim was made that plaintiff had a right to have a jury pass upon the question of insolvency.   Counsel for defendant also cite *Jackson* v. *Valley Tie & Lumber Co.*, 108 Va. 714 (62 S. E. 964).   In that case the court declined to turn over

the fund to the trustee in bankruptcy.   We quote from the syllabus:

"Burden of Proof: In order to invalidate a lien on the property of a person who within four months thereafter is adjudged a bankrupt, it is essential that it appear that such person was insolvent at the time the lien was obtained, and the burden of proving such insolvency is upon the party alleging it.   If it does not so appear, the lien is valid."

So far as the case is applicable to the instant case it tends to support the contention of the plaintiff.   See, also, *Liberty National Bank* v. *Bear,* 265 U. S. 365 (44 Sup. Ct. 499).

Section 13149, 3 Comp. Laws 1915, indicates that, where a third party is claiming the garnishment fund, an issue may be framed and determined in the usual way.   In the instant case the plaintiff objected to the trial of the issue of insolvency and insisted upon the right to have a jury pass upon that question.   We think the issue could not be determined upon affidavits. See *Starr* v. *Whitcomb,* 150 Mich. 491.

The writ to vacate the order is granted.

CLARK, C. J., and MCDONALD, BIRD, SHARPE, STEERE, FELLOWS, and WIEST, JJ., concurred.