RANSOM F. GLADWIN and Others, Copartners Doing Business under the Firm Name and Style of R. S. GLADWIN & Co., Plaintiffs, *v.* HENRY T. MATHEWS & Co., as Successor to MATHEWS, DAHLIN & Co., Defendant.

City Court of New York, Special Term, March 9, 1938.

* Affg. 160 Misc. 388.

128

*Greenberg & Lubarsky*, for the plaintiffs.

*Hyman R. Friedman*, for Max L. Finkelstein, ancillary receiver.

COLEMAN, J.   This is a motion by an ancillary receiver in bankruptcy of the defendant to vacate a warrant of attachment issued out of this court pursuant to which the sheriff had levied upon property of the defendant.   The levy was made within four months of the adjudication of the defendant's bankruptcy in the United States District Court in Illinois.   The ancillary receiver was appointed by the United States District Court in New York.   No trustee seems to have been elected.   The motion was made pursuant to section 67, paragraph f, of the Bankruptcy Act (U. S. Code, tit. 11, § 107, ¶ f), which invalidates an attachment made within the period in question, if the bankrupt was insolvent at the time of the levy.   (Cf. *Taubel-Scott-Kitzmiller Co., Inc.*, v. *Fox*, 264 U. S. 426.)

The motion should be denied.   Apart from the questionable power of the court to determine in a summary manner an issue of fact — insolvency — (Cf. *Taubel-Scott-Kitzmiller Co., Inc.*, v. *Fox*, *supra*), and the failure upon the part of the ancillary receiver to prove insolvency at the time of the attachment (*National Bank* v. *Bear*, 265 U. S. 365), an ancillary receiver with his exceedingly limited powers, as distinguished from a trustee, has no standing to make this application.   (*Matter of Cox Baking Co., Inc.*, 77 F. [2d] 294.)

The order of the District Court which the ancillary receiver says is the warrant for this application is no more than an authorization to him to commence a plenary suit in his official capacity.   In *Hardt* v. *Schuylkill Plush & Silk Co.* (69 App. Div. 90) the application was made by the trustee whose power to do so apparently was not seriously attacked.

The rights of the bankrupt's estate meantime, are adequately protected by another order of the District Court staying the plaintiffs from proceeding in this action pending the election of a trustee and the further direction of the bankruptcy court.