[Civ. No. 5041. Second Appellate District, Division Two.—May 21, 1928.]

A. G. GRIDLEY, Appellant, v. WILLARD M. SELLECK, Respondent.

E. C. Gridley and Harry A. Reese for Appellant.

Fred L. Hamblin for Respondent.

VALENTINE, J., *pro tem.*—A demurrer to the complaint in this action was sustained, and the plaintiff given ten days to amend her complaint, which she failed to do. After the entry of her default a motion to dismiss the action was made and granted, and judgment of dismissal subsequently entered. From that judgment plaintiff takes this appeal. The demurrer was general and special. The minute order simply recites: "This cause came on regularly to be heard on demurrer. Demurrer sustained. Ten days to amend." The demurrer, among other matters, specifies: "That said complaint is uncertain in this: That it cannot be determined therefrom, nor from any part thereof, whether or not the said defendant is being sued upon the principal obligation of the Selleck Auto Co. or upon the alleged written guarantee referred to in said complaint," and that the complaint is ambiguous and unintelligible in the same respects.

An examination of the complaint, and particularly paragraphs II, III, V, VI, VII, VIII, and XI, certainly sustains this contention. Paragraph III is as follows:

"That on or about the 7th day of May, 1915, there was due from the said Selleck Auto Equipment Company, above mentioned for tires, repair material, pneumatic and solid tires, rubber sundries, goods and material purchased from the said Seamless Rubber Company of New York and included the terms of said contract of guaranty, for

the payment of which said contract, marked Exhibit 'A' was entered into the sum of $20,552.27.''

Paragraphs VII and VIII of the complaint allege the assignment to the plaintiff by the ''Seamless Rubber Co., Inc.,'' of its ''claim and account'' against the Selleck Auto Equipment Company, and said Willard M. Selleck, and that there is now due from such company and said Willard M. Selleck the sum of $20,552.27 and interest (and incidentally the prayer of the complaint asks for judgment for that amount), whereas paragraph II of the complaint attempts to allege a cause of action based on a guaranty limited to $20,000; and it appears from the contract of guaranty, Exhibit ''A,'' that the amount of liability is so limited. This alone is sufficiently uncertain, unintelligible, and ambiguous to justify the court in sustaining the demurrer and directing an amendment of the complaint so that it may be made sufficiently clear and certain to defendant whether it means that he is to answer a cause of action based on the alleged guaranty which is expressly limited by its terms to $20,000, or a cause of action based upon goods, wares, and merchandise purchased by the corporation which the plaintiff designates as a cause of action upon a ''claim and account'' of the Seamless Rubber Company, Inc., against Willard M. Selleck upon which it is claimed the whole amount of $20,552.27 and interest is due from defendant. Under the pleadings, and particularly paragraphs V, VI, VII, and VIII, the defendant might well assume that plaintiff was intending to allege the latter cause of action against him, but through inadvertence omitted his name in the paragraph which alleges that the goods were sold and delivered.

There are other specifications in the demurrer which it is unnecessary to discuss. ▮ Appellant may not rely upon Exhibit ''A'' attached to the complaint to supply the lack of essential allegations and averments in the complaint. (*Panter* v. *National Surety Co.,* 36 Cal. App. 44, 46 [171 Pac. 803].) In *Hayt* v. *Bentel,* 164 Cal. 680, at 686 [130 Pac. 432], the court says: ''Recitals in a contract incorporated in a complaint will not supply the want of essential averments in the pleading.''

Judgment affirmed.

Craig, Acting P. J., and Thompson, J., concurred.